HENRY J. SIMPSON ET AL., PLAINTIFF IN ERROR, V.
CHRISTOPHER ARMSTRONG, DEFENDANT IN ERROR.

Trial: NEW TRIAL. Immaterial and irrelevant testimony ad-
mitted over defendant's objection, and which may have a tendency to mislead the jury, is good ground for a new trial.
*Harrison v. Baker*, 15 Neb., 43.

ERROR to the district court for Brown county. Tried
below before TIFFANY, J.

*E. F. Gray*, for plaintiffs in error.

*Holmes & White*, for defendant in error.

REESE, J.

This was an action against the sheriff of Brown county
for the conversion of personal property.

On the 8th of May, 1884, defendant in error purchased
a stock of goods from one George R. Reed, paying therefor
the sum of $900 in cash. He took possession and left the
store in charge of a clerk, and returned to his residence in
Clay county. On the 24th day of the same month plain-
tiff. in error levied on the goods as the property of Reed,
and took them from the possession of defendant in error,.
who brought suit for their value and recovered a judgment.
The sheriff, as plaintiff in error, brings the case to this
court by proceedings in error.

The defense relied upon by plaintiff in error was that
the alleged sale of the goods to defendant in error by Reed
was a fraudulent transaction and done for the purpose of
defrauding the creditors of Reed.

As a new trial must be had we refrain from expressing
any opinion upon the merits of the case or the *bona fides*
of the parties to the transaction, but will confine ourselves
to the one or two propositions which it is deemed neces-
sary to notice.

On the trial the plaintiff in the action, defendant in error here, took the witness stand and testified to the purchase of the goods from Reed, the payment of the consideration, etc., and introduced certain documentary evidence, and then rested his case. Plaintiff in error introduced, oral testimony by which he sought to prove the indebtedness of Reed to a considerable amount, and also the alleged fraudulent character of the transaction. He also introduced some documentary evidence for the purpose of showing his authority to levy on the property of Reed.

Defendant in error then introduced L. K. Adler, Esq. an attorney residing in Ainsworth, who testified in substance, that on the 8th day of May, 1884, he prepared the documents by which the property was transferred to defendant in error, and also a lease of the building from one McCoid to defendant in error, and stated that at the time he knew nothing about the indebtedness of Reed. His testimony following was as follows: " Question. State what, if anything, you learned about the indebtedness of Reed soon after the conveyance, and what occasioned your seeking the information? Answer. Some time after the sale Mr. Reed came into my office and requested me to write to his creditors and ascertain the amount of his indebtedness, and gave me a list of them. It was from two to five days after the sale that Reed employed me to write to his creditors, as near as I can recollect."

This testimony was admitted over the objections and exceptions of plaintiff in error. In this we think the court erred. The only theory upon which testimony of the kind is admissible, is that it becomes a part of the *res gestœ*, being so nearly connected therewith as to be spontaneous and unpremeditated, and therefore free from sinister motives; thus giving a reliable explanation of the principal transaction—the subject of the inquiry. Applying this rule to the testimony complained of, we cannot hold it to have been properly admitted. It is true, as claimed by defend-

33

ant in error, that to render declarations admissible, it is not always necessary that they should be precisely concurrent in point of time with the principal transaction; but we know of no rule which will extend the time from two to five days, under the circumstances shown in this case. Furthermore, the facts testified to could have no connection with the merits or demerits of the sale of the property. They do not tend to show either good or bad faith on the part of Reed in making the sale. They have no reference whatever to the acts or motives of defendant in error. Reed knew who his creditors were, for he furnished a list of them to the witness. Whether he paid any of them after the time testified to does not appear. Whether his motives were good or bad is not material, as no light could be obtained from a knowledge of the fact. Whatever his purpose, his conduct may have been the result of an afterthought on his part. The testimony was of a character which might be prejudicial to plaintiff in error. The very fact of its admission was a virtual representation to the jury that it was material and they would treat it as such. They would probably look upon it as proof that at the time of the sale he was acting in good faith, and afterwards sought to find his creditors in order that he might pay them in pursuance of his purpose at the time of the transfer. The sale on his part, and the purchase on the part of defendant in error, may have been in the best of faith, yet the fact that he sought to have an attorney write to his creditors from two to five days afterwards would not tend in any degree to prove it. The admission of the testimony was therefore erroneous. *Harrison v. Baker* 15 Neb., 43.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.