JAMES W. WILLIAMS, PLAINTIFF IN ERROR, V. JAMES C. EIKENBERRY, DEFENDANT IN ERROR.

1. **Sale:** DECLARATION OF VENDOR: EVIDENCE. The declaration of one from whom a party obtains title to property, made after the transfer of title, and in derogation thereof, is inadmissible for the purpose of defeating such title. But where the vendor, being examined as a witness to prove a sale, was asked, on his cross-examination, whether he had not, at a time subsequent to the alleged sale, offered to sell the same property, as the owner thereof, to another, which he denied, it was *Held*, Legitimate, for the purpose of impeachment only, to call other witnesses to prove the fact.

2. **Replevin:** ATTACHED PROPERTY: EVIDENCE. Where an officer attaches property found in the possession of a stranger, claiming title, in an action of replevin therefor by such stranger, the officer, in order to justify, must not only prove that the attachment defendant was indebted to the attachment plaintiff, but that the attachment was regularly issued.

ERROR to the district court for Cass county. Tried below before BROADY, J.

*J. H. Haldeman,* for plaintiff in error.

Cross-examination of Holland: *Frederick v. Ballard,* 16 Neb., 565. *Railroad Co. v. Linn,* 15 Neb., 240. *Gridley v. Bingham,* 51 Ill., 153, 156. Declaration of vendor: *Kennedy v. Divine,* 77 Ind., 490. *Bogert v.*

46

*Phelps,* 14 Wis., 88. *Visher v. Webster,* 13 Cal., 58–61. *Weinrich v. Porter,* 47 Mo., 293. *Miner v. Phillips,* 42 Ill., 123. *Scheble v. Jordon,* 30 Kan., 354. *Jones v. King,* 86 Ill., 226. *Campbell v. Holland,* 22 Neb., 587. Admission in evidence of attachment proceedings : *Repine v. McPherson,* 2 Kan., 340. *Stoddart v. McMahan,* 35 Tex., 267–273. Wade on Attachment, Sec. 140. Drake on Attachment, Sec. 204. *Bennett v. Zabriski,* 2 N. Mex., 7–11. *Cheadle v. Riddle,* 6 Ark., 480. *Kinney v. Heald,* 17 Ark., 397. *Oberfelder v. Kavanaugh,* 21 Neb., 492. Bump on Fr. Con. (3d Ed.), 462. *Williams v. Eikenberry,* 22 Neb., 216.

*H. D. Travis* and *E. H. Wooley,* for defendant in error.

Declaration of vendor: *Guidry v. Grivot,* 14 Am. Dec., 193. *Martin v. Reeves,* 15 Am. Dec., 154. Instruction 13 cured error, if any, in admission of evidence: *Sparr v. Wellman,* 11 Mo., 230. *Northampton Bank v. Balliet,* 42 Am. Dec., 297. Admissibility in evidence of attachment proceedings: *Kinney v. Heald,* 17 Ark., 397. Drake on Attachment, Secs. 117, 119, 162.

REESE, CH. J.

This was an action of replevin instituted in the district court against the sheriff of Cass county, for the purpose of recovering the property described in the petition of plaintiff in error.

The cause was tried to a jury, which trial resulted in a verdict and judgment in favor of defendant in error, and was brought into this court by proceedings in error, where the judgment of the district court was reversed and the cause remanded. See *Williams v. Eikenberry,* 22 Neb., 210. Another trial was had in the district court, resulting in the same verdict and judgment as at first, and the cause is again presented for review by proceedings in error.

It appears from the evidence that Lawrence Holland was, at one time, engaged in the lumber business in the town of Manley, in Cass county, and that such an arrangement was made between himself and plaintiff in error here as resulted in the transfer of the lumber yard to plaintiff in error. Holland being indebted at that time, his creditors soon after instituted attachment proceedings against him, and levied upon the lumber yard in dispute, when plaintiff in error instituted an action in replevin for the possession of the property.

Lawrence Holland was called as a witness for plaintiff in error, and upon his examination-in-chief he testified to the transfer to plaintiff in error. Upon his cross-examination he was asked if he did not, at a certain time, which was after the transfer to Williams, and after Williams had taken possession of the lumber yard, say to Mr. Roberts, cashier of the Commercial bank, at Weeping Water, that he would turn the lumber yard over to him. His answer was that he did not. He was then asked what he did say, when he answered: "I told Roberts that I had turned the yard over to Mr. Williams. That I had sold the yard to Mr. Williams, as he had suggested to me to do," etc.

At another time, on cross-examination, substantially the same question was asked, to which objection was made, and which objection was overruled, and after exception entered, witness answered, "No."

Other questions of similar import were asked with like results.

Among the witnesses called for the defense were Mr. Travis, Mr. Roberts, and Mr. Wooley, who were all interrogated upon the same matter, and over the objection and exception of plaintiff in error were permitted to testify, in substance, that in a conversation at about the same time as that mentioned in the cross-examination of Holland, he, Holland, offered to turn over to the plaintiff in the attachment suit the lumber yard, which was then in the posses-

sion of plaintiff in error, and which had been for some considerable time.

The question presented by the issues in the case was, as to the validity of the purchase of the lumber yard from Holland by Williams, and it would seem that the purpose of defendant in error, in introducing the testimony referred to, was to impeach the witness Holland, and also for the purpose of proving title to the property mentioned, at the time of the declaration.

In the testimony of Mr. Wooley, the following occurs:

Q. I also ask you to state whether or not, about the 12th day of January, 1886, Mr. Holland, in the Commercial bank, said to you that he would turn over this Manley lumber yard upon the indebtedness?

Haldeman objected. Incompetent, immaterial, and irrelevant to affect the title. Overruled, and exception.

A. Yes, sir, he did.

We think it quite clear that Williams' title could not be affected by any statement made by Holland, after possession was taken by Williams, in disparagement of such title.

In Bump on Fraudulent Conveyances, page 587, it is said: "The existence of a fraudulent intent must always be proved by evidence which is competent as against the grantee. The acts and declarations of the debtor, however, made after the transfer, have not, in the absence of any proof of a conspiracy, any tendency to prove the cause or motive of the act. After the transfer is consummated, the debtor becomes a stranger to the title for all purposes, and his acts and declarations are no more binding on the grantee than are those of any stranger to the transaction. They are in their nature hearsay and irrelevant. No person, moreover, should be allowed to defeat his transfer by his own acts or words. If the declarations or acts are made or done with the assent of the grantee, or if the debtor is produced as a witness, then they may be used as evidence

upon other grounds, not merely as intrinsically competent of themselves. If the debtor and grantee are both parties to the suit, the subsequent declarations of the debtor are competent evidence against him."

That part of the above quotation referring to the matter of the production of the debtor as a witness, is followed by the citation of *Borland v. Mayo*, 8 Ala., 104. *Venable v. Bank*, 2 Peters, 107, and *Knight v. Forward*, 63 Barb., 311.

We have carefully examined these cases, and are convinced that the cases of *Borland v. Mayo* and *Venable v. Bank*, are not in point.

*Knight v. Forward* is a case quite similar to the one at bar, in some respects. The action was in trover, for the value of a cutter, sulky, harness, and cow. The answer was a general denial. The property in dispute had been levied upon by virtue of an execution, and sold. It appeared upon the trial that a bill of sale of the property in question, and other property, was made and delivered by the judgment debtor to the plaintiff in that action, in payment of a note given by the debtor to another party, and which was then held by the plaintiff. The debtor was a witness to prove the transfer, when he was asked, on cross-examination, whether he had not at a certain time, subsequent to the alleged transfer, offered to sell the harness and cutter in question to the defendant in the action as his, witness', property. This was objected to, and the objection was sustained. The supreme court held the action of the trial court in sustaining this objection to be erroneous. It is said that such declarations were not competent to impair and destroy the title of the plaintiff; that they were utterly incompetent on the merits of the controversy; that they could be used only for the purpose of affecting the credibility of the witness, either by his own answers or by the evidence of others called to show that he did make the offer mentioned in the action, should he deny it.

The language of the opinion is, in some respects, unsatisfactory. It is argued at some length that the alleged offer to sell was wholly inconsistent with the truth of his testimony, that he had previously sold to another party.

We quote the following from the opinion of the learned judge: "But if I am wrong in supposing that he might contradict the witness, still I entertain no doubt but that he had the right to have the question answered, although he may not have had the right to contradict him. It was legitimate cross-examination, and the party was entitled to the witness' answer. If he admitted making the offer, the defendant had accomplished his object. If he denied it, the answer would conclude him. I am of the opinion that the justice erred in rejecting the evidence, and that the judgment of the county court and of the justice should be reversed." What is meant by the language, "if he denied it, the answer would conclude him," in view of the general discussion in the opinion, it is difficult to say. We cannot see that the witness would be particularly concluded by the denial, as he claimed no interest in the property. If it is meant that the answer would conclude the defendant, it is at variance with the other portion of the opinion, for the argument is, principally, all to the effect that other witnesses could be called to contradict the declarations. So far as we have examined the books, all agree that the declarations of one from whom a party obtains title to property, made after the transfer of title, and in derogation thereof, is inadmissible as against the vendee, with the exception that it may be admitted for the purpose of proving fraud on the part of the vendor, where there is evidence of a conspiracy to defraud, or made in the presence of the vendee, or when made so near the time of the sale as to become a part of the *res gestæ*.

In other cases it is held that whatever might have been said is hearsay, and, therefore, not competent evidence, as against the vendee. *Simpson v. Armstrong*, 20 Neb., 512.

*Guidry v. Grivot,* 14 Am. Dec., 193.   *Weinrich v. Porter,* 47 Mo., 293.   *Bogert v. Phelps,* 14 Wis., 95.   *Kennedy v. Divine,* 77 Ind., 490.   *Miner v. Phillips,* 42 Ill., 122.   *Visher v. Webster,* 13 Cal., 58.   *Martin v. Reeves,* 15 Am. Dec., 154. *Scheble v. Jordon,* 30 Kan., 353.   It was, therefore, error .for the district court to admit the testimony for the purpose of affecting the title of the plaintiff in error.   But the court gave to the jury the following instruction:

"13.   The jury are instructed that the statement of Lawrence Holland, in the month of June, 1886, that he would turn over the Manley lumber yard to the Commercial bank of Weeping Water, was admitted in evidence for the sole purpose of affecting the credibility of the said Lawrence Holland as a witness, and not for the purpose of proving the title to the property by such statements."

By this instruction the consideration of the testimony objected to was withdrawn from the jury, except so far as it might be considered for the purpose of affecting the testimony of Lawrence Holland.   Or, in other words, so far as it might be considered as tending to his impeachment. It then becomes necessary to inquire whether or not the testimony of Travis, Roberts, and Wooley was competent for that purpose.   As we have seen, this evidence consisted of no declarations made by Lawrence Holland which could in any way impeach the validity of plaintiff's title to the property in dispute, nor is it essentially inconsistent with his testimony that he had transferred the property to plaintiff.   There is no declaration that the property had not been sold, nor that it had not been delivered to plaintiff by the witness, except so far as it might be inferred from the alleged offer to turn it over to the Commercial bank in payment of his indebtedness to it.

In *Kennedy v. Devine* it is said: "The general rule is, that the statements made by the grantor, after he has parted with his title, tending to impeach his grantee's title, are inadmissible.   *Garner v. Graves,* 54 Ind., 188.   *Ted-*

*rowe v. Esher*, 56 Ind., 443.   There is an exception to the rule, where the grantor and grantee conspire together to defraud third persons.   In such case a statement made by either is admissible against the other.   *Caldwell v. Williams*, 1 Ind., 405.   *Tedrowe v. Esher*, 56 Id., 443.   In such case the conspiracy must be made out before the statement is admissible."

In *Bogert v. Phelps*, the declarations of Hughes, the vendor of the property in question, were made five days after the sale, and were received in evidence, and for that reason the judgment of the trial court was reversed.   The court, in the opinion, says:  "The declarations of the vendor are received as evidence to establish *fraud in him*, but not *in the vendee*.   In order to affect the latter, his knowledge of and participation in the fraud of the vendor must also be proved.   The declarations of the vendor, to be admissible, must be a part of the *res gestæ*.   When possession is delivered, and transfer complete, they must be made at or near the time of the sale.   It may not, perhaps, be material whether they are made shortly before or shortly after the sale, if made so near the time of it as fairly to indicate what was passing in his mind.   They are facts connected with the main transaction which tend to show the motive of the vendor, and are of more or less weight according to the circumstances of each particular case.   2 La. An. Rep., 482.  3 Martin (N. S.), 23.  41 Maine, 153.   If they are so remote as not to be indicative of the thoughts of the vendor at the time of the sale, or that they may have been deliberately made for the purpose of disparaging the vendee's title, they are inadmissible.   Here they were made at a different place, and so long after the sale as to make it clear they should have been excluded."

The well established rule is, that a witness may be contradicted as to statements previously made which are at variance with his testimony upon the witness stand, providing his attention is first called to the alleged statements,

in order that he may admit, explain, or deny. Reynolds and Stephens on Evidence, 184. But in order to admit proof of such contradictory statements, after calling the attention of the witness to them, the inquiry must be limited to such evidence as is relevant to the cause, for he cannot be contradicted on collateral matters. Best's Principles of Evidence, 635. Wharton on Evidence, 551, and cases cited. 2d Phillips on Evidence, Cowan and Hill's and Edwards' Notes, 756 (*903). 4th 'Phillips on Evidence, Cowan and Hill's Notes, Part 2d, 715.

As stated in the latter authority, the statement to be drawn out on cross-examination, with a view to establish a contradictory statement by the adverse witnesses with respect to the issue, must be limited to fact as distinct from one of opinion.

The issue presented was, whether or not Holland had sold the property in dispute to plaintiff. He testified, substantially, that he had. The contradictory statement, to which his attention was called, and for the purpose of proving which other witnesses were examined, was, substantially, to the effect that he had not. This, in *Knight v. Forward, supra,* was held to be a contradictory statement, the language of the court being, as we have hereinbefore quoted, that it was wholly inconsistent with the truth of the evidence which he had given. We think, therefore, there was no error in submitting the testimony to the jury for the purposes stated in the instruction.

It is insisted that the verdict of the jury is not sustained by sufficient evidence. This presents the same question passed upon and decided in this case as reported in 22 Neb., 216. It is contended that the defendant in error, who was the sheriff of Cass county, failed to justify his possession. He introduced in evidence the affidavit, order of attachment, and return thereon, including the inventory and appraisement. No further evidence was offered for this purpose.

In the former opinion in this case we quoted with approval the following from the opinion of Judge COBB, in *Oberfelder v. Kavanaugh*, 21 Neb., 483: "'When the officer attaches property found in the possession of the defendant he can always justify the levy by the production of the attachment writ, if the same is issued by a court or officer having lawful authority to issue it, and be in legal form. But when the property is found in the possession of a stranger claiming title, the mere production of the writ will not justify its seizure thereunder; the officer must go further and prove not only that the attachment defendant was indebted to the attachment plaintiff, but that the attachment was regularly issued.' * * * * The attachment being against a third party, in whom defendant alleged ownership, the rule above stated would have required proof 'not only that the attachment defendant was indebted to the attachment plaintiff, but that the attachment was regularly issued.'"

We quote further from *Oberfelder v. Kavanaugh,* page 491, as follows: "Some courts have made a distinction between attachments issued by courts of general and those of limited jurisdiction. It may be doubted, however, whether there is any difference under a statute like ours, where the authority to issue an order of attachment by any court is limited to the special cases therein provided for, and in which the plaintiff shall conform to certain conditions precedent, amongst others that of filing an affidavit alleging certain facts therein indicated. It therefore follows that, in order to justify the seizure by virtue of an attachment of goods found in the possession of and the title to which is claimed by a stranger against whom no element of estoppel exists, the party so justifying must both allege and prove not only the issuing of the attachment, but every material fact and condition necessary to the regularity of its issue."

This being an action in replevin, the answer, consisting

of a general denial, would be sufficient, but the proof would not be thereby limited. It was, therefore, necessary that it be shown by the introduction of the pleadings, or otherwise, that an action was pending, that an affidavit for attachment had been filed, that the indebtedness existed, and that the order had been regularly issued. *Thornburgh v. Hand*, 7 Cal., 554. It was not shown that an action was pending in which the writ had issued, and therefore the verdict of the jury was not sustained by sufficient evidence.

A number of other questions are presented, but it is not deemed necessary to examine them further, as they will probably not arise upon another trial.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.