JOHN HAKANSON V. HENRY BRODKE.

FILED JANUARY 3, 1893. No. 4308.

1. Replevin: DIRECTING VERDICT. The refusal of the trial court to direct a verdict in the case for the defendant *held* proper.

2. ———: INSTRUCTIONS: SUFFICIENCY OF EVIDENCE. *Held*, That there is no error in the charge of the court, and that the verdict is sustained by the evidence.

3. ———: ATTACHMENT: JUSTIFICATION OF OFFICER SERVING WRIT. Following the repeated decisions of this court it was held that where a sheriff levies a writ of attachment upon property found in the possession of one not a party to the suit in an action of replevin therefor by such person, the office to justify the taking is required to show that the attachment writ was reg-

ularly issued. In other words that the writ is regular on its face and was issued upon a sufficient affidavit by a court having jurisdiction of the parties and the subject-matter of the action.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*Charles W. Haller,* for plaintiff in error.

*Cavanagh, Atwell & Thomas, contra.*

NORVAL, J.

This is an action of replevin brought before a justice of the peace by Henry Brodke against John Hakanson to recover possession of a small stock of goods, consisting of cigars, tobacco, notions, fruits, etc. The plaintiff recovered a judgment before the justice, whereupon the defendant appealed to the district court, where the plaintiff again recovered a verdict and judgment.

Error is assigned because the court refused to instruct the jury to return a verdict in favor of the plaintiff in error, and for the giving of the following instruction by the court on its own motion : " That the testimony having shown that the plaintiff at the time of the commencement of this action held a chattel mortgage on the stock of goods described in the petition, and that he had taken possession of the goods thereunder, and that the amount to secure which the mortgage had been given had not been paid, he, the plaintiff, was entitled to the possession of the property included in his mortgage as against the defendant in this action."

The evidence is uncontradicted that one Elias Grossfeld was the owner of the property in controversy on the 25th day of April, 1888, on which day he mortgaged the property to Brodke to secure the payment of $100 borrowed money; that on the 6th day of the following July, Max Meyer attached the goods as the property of Grossfeld,

and on the same day, Brodke having claimed the property under his mortgage, the possession thereof was surrendered to one Catlin for the defendant in error; that on the following day John Hakanson, as constable, took the property under a writ of attachment issued by a justice of the peace at the suit of Meyer & Raapke against Grossfeld.

If we are able to comprehend the force of the testimony the only verdict which could have been properly rendered was the one returned by the jury. The validity of the chattel mortgage is not questioned. The mortgagee was in possession of the property, claiming title thereto by virtue of his mortgage, when the Meyer & Raapke attachment was levied. The officer attempted to justify under the writ of attachment which had been placed in his hands, yet none of the papers or proceedings in the attachment case were introduced at the trial, except the attachment writ. This alone was insufficient to justify the taking of the property from the possession of a stranger to the suit, but the officer should have gone farther and shown that the writ was issued upon a proper affidavit by a court having jurisdiction of the parties as well as the subject-matter of the suit. This has been repeatedly held by this court. (*Williams v. Eikenberry,* 22 Neb., 210, 25 Id., 721; *Oberfelder v. Kavanaugh,* 21 Id., 483; *Paxton v. Moravek,* 31 Id., 305; *Bartlett v. Cheesebrough,* 32 Id., 339; *Winchell v. McKinzie,* 35 Id., 813.)

It is argued that defendant in error had parted with his interest in the goods in controversy to Catlin before Meyer & Raapke attached. This contention is not sustained by the evidence. While there had been some negotiations between Brodke and Catlin for the sale by the former to the latter of his interest in the property prior to the attachment, yet the sale had not been closed when the attachment in question was levied.

There being no conflict in the evidence, and the only conclusion which can be drawn from the facts and circum-

stances proved is that the plaintiff below was entitled to the possession of the property at the commencement of the action, the trial judge did not err in refusing to direct a verdict for the defendant, nor in giving the instruction complained of.    The judgment is clearly right, and is

AFFIRMED.

THE other judges concur.