MARY E. L. WILLIAMS v. JAMES C. EIKENBARY.

FILED MARCH 29, 1893. No. 4990.

1. Action of Replevin: ADMINISTRATION: REVIVOR: PLEAD-
ING BY ADMINISTRATRIX. An action was brought by one J. W. W. against J. C. E., as sheriff, and was twice reversed in the supreme court. Before the third trial J. W. W. died and the cause was revived in the name of M. E. L. W., who states in her petition that she sues as executrix. *Held*, Sufficient to show that she brought the action in her representative capacity.

2. ———: ———: ———: DEFECTIVE ANSWER: HARMLESS ERROR.
In such action an answer was filed by J. C. E., but the name of the plaintiff was stated to be J. W. W. instead of M. E. L. W. Sufficient appeared in the answer to show to what petition it applied, and it was in fact filed in the proper case. No motion was made and filed to strike it from the files. *Held*, Error without prejudice.

3. ———: ———: ———: PLEADING· EVIDENCE.   On the trial the plaintiff sought to disprove the allegations of her petition by showing that her duties as executrix had ceased and she had been discharged.  *Held*, That she should have pleaded the facts by supplemental petition, and not having done so the testimony was properly excluded.

4. **Evidence** *held* to sustain the verdict.

ERROR from the district court of Cass county.   Tried below before FIELD, J.

*J. H. Haldeman*, for plaintiff in error.

*H. D. Travis, E. H. Wooley*, and *Byron Clark, contra.*

MAXWELL, CH. J.

This is an action of replevin.   It was tried the first time in 1886, the judgment of the district court being reversed. The case is reported in 22 Neb., 210.

In 1889 the cause was again brought into this court and the judgment again reversed.   In May, 1889, James W. Williams, the original plaintiff, died, and the present plaintiff, as executrix, filed a petition on June 11, 1890. It is claimed on behalf of the plaintiff in error that she brought the action in her individual capacity and not as executrix.   The commencement of the petition is as follows:

" MARY E. L. WILLIAMS, PLFF.,
v.                                    } Petition.
J. C. EIKENBARY, SHERIFF OF
CASS COUNTY, DEFT.

" Plaintiff complains of the defendant and says that James W. Williams was her husband and departed this life about May 1, 1889, and plaintiff was shortly thereafter appointed executrix of his estate by the county court of Douglas county, Nebraska.   That at the time of his death he was plaintiff in above action."

There follows a statement of the matter in controversy between the defendant in error, as sheriff, and the deceased James W. Williams. In our view this sufficiently shows the capacity in which the plaintiff sues. The objection, therefore, is overruled. The second objection is that no answer was filed to the petition, and therefore all proof contradicting it was improperly admitted. The record shows that the answer is entitled in the proper court and purports to be an answer to the petition of the plaintiff, but in the title James W. Williams is designated as the plaintiff instead of the executrix. This is not a fatal defect. Enough appears in the answer to show that it was intended to apply to the petition in question. Therefore, if the plaintiff desired to object to the same, she should have done so by motion to strike it from the files, when the plaintiff would have had leave to amend. Having failed to do so, the objection is overruled.

It is claimed that the court erred in refusing to permit the plaintiff to deny that she was executrix; that her power had ceased and she was discharged. In this there was no error. If the plaintiff desired to prove her discharge as such executrix, she should have pleaded the same in a supplemental petition. It would be trifling with the court to make up the issues upon the theory that the plaintiff was executrix and then permit her to disprove that fact on the trial. The court did right in excluding the testimony.

It is claimed that the court erred in admitting in evidence the petition, affidavit, order of attachment, and undertaking in attachment, because the papers in question are entitled the Commercial Bank, plaintiff, v. Lawrence Holland & Tewksberry and Cooper, defendants, while the order of attachment and undertaking in that case show that they were issued in a case where the bank was plaintiff and Lawrence Holland, *alone*, defendant. In other words, that an attachment was issued against one of the de-

fendants in that case and not against all.   The answer to this is that so far as appears there was no cause of attachment against the other defendants, and hence none was sought.   The objection is untenable and is overruled.

It is alleged that the verdict is not sustained by sufficient evidence.  We think differently, however.  The value of the property taken seems to have been agreed upon at $1,706.35, and the damages allowed for the detention are $502.58, which seems to be the interest on the principal sum, from the time of the taking to the date of the trial, at seven per cent.   There is no error in the record and the judgment is

**AFFIRMED.**

THE other judges concur.