## Louis C. Eickhoff et al. v. J. C. Eikenbary.

### Filed September 22, 1897.  No. 7421.

1. **Replevin: Action on Bond: Pleading: Attachment.** The condition of a replevin bond is that the plaintiff in replevin shall comply with the judgment; and, in replevin against an officer who justifies under writs of attachment, it is necessary for the officer to prove the debt and the regularity of the proceedings. Therefore, after judgment for the defendant, it is unnecessary in a suit on the replevin bond for the officer to plead those facts. It is sufficient to plead the replevin judgment.

2. **Principal and Surety: Failure to Sue Principal.** Mere forbearance by a creditor to sue a principal will not release the latter's sureties; and this is true although by lapse of time remedies may be lost against the principal.

3. **Replevin: Judgment: Return of Property.** A plaintiff in replevin against whom judgment has been rendered, must, in order to satisfy the judgment for a return of the property, return or offer to return the identical property replevied and not other property of like kind and value.

4. ——: **Return of Property: Instructions.** Where property replevied was of such a character that an actual manual delivery thereof was impracticable, and a return could be had only constructively or by surrendering possession of the place where the property was situated, it was not error to instruct the jury, the fact of an offer to return being in issue, that they should inquire whether that offer had been made in good faith.

5. ——: ——: **Execution.** A plaintiff in replevin against whom judgment has been rendered owes the affirmative duty of returning the property, and, if he fail so to do, the defendant may proceed to enforce the alternative judgment by an ordinary execution. The execution need not be in the alternative.

6. ——: **Sufficiency of Bond.** A replevin bond was entitled as of the case, naming parties plaintiff and defendant. It recited the institution of the action, again naming the parties, and further recited that one B., as coroner, had seized the property under the writ. It named the obligee as follows: "We, * * *, undertake to the said B., defendant in said action." *Held*, That the insertion of B.'s name as obligee was merely surplusage and could be rejected, leaving a sufficient bond manifestly running to the defendant.

7. **Instructions: Exceptions: Review.** A judgment will not be reversed because the court failed to mark on the margin of instructions the word "given," or "refused," where the defeated party

himself noted on the margin an exception to the giving or refusal of the instruction as the case might be, although such exception was accompanied by a special exception to the failure of the court to so mark it.

8. **New Trial:** MISCONDUCT OF COUNSEL. Certain questions of evidence and practice, resting on no new principle, set forth in the opinion and *held* not to have been erroneously decided below.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Affirmed.*

*Wharton & Baird, J. H. Haldeman,* and *Beeson & Root,* for plaintiffs in error.

*H. D. Travis* and *E. H. Wooley, contra.*

IRVINE, C.

This was an action by Eikenbary against the plaintiffs in error on a replevin bond. Eikenbary was sheriff of Cass county and had seized the contents of a lumber yard on writs of attachment. James W. Williams replevied the property, Eikenbary and Wendt executing the bond as sureties. Pending the action Williams died. There was a revivor in the name of his executrix. The estate of Williams proceeded to settlement and on September 18, 1890, the executrix was discharged. Judgment was rendered in the replevin suit October 20, 1890, in favor of the defendant. The case was brought to this court, where the judgment was affirmed. Subsequently the present action was commenced on the bond against the executrix and the two sureties. Separate motions for a new trial were filed, but the defendants have joined in the petition in error, so that if the judgment is right as to one it must be affirmed as to all; and as the questions argued relate chiefly to the liability of the sureties, we consider no questions which would affect solely the liability of the executrix.

The first assignment argued is that the petition states no cause of action in that it fails to allege that judgment was recovered in the attachment suit wherein the levy

was made by the sheriff, nor does it allege that the claim
of the plaintiff in that suit is unsatisfied in whole or in
part.    We think such an allegation was unnecessary.
The condition of the bond is "that the said James W.
Williams, plaintiff, shall duly prosecute his action afore-
said, and pay all costs and damages which may be
awarded against him, and shall return said property to
said defendant in case a judgment for the return thereof
shall be rendered against the plaintiff herein."    That is,
the condition of the bond is not to pay such damages as
may be proved to have been sustained in the suit on the
bond, but it is to answer the judgment in the replevin suit.
On one of the several occasions when this very replevin
suit was before this court, it was held that where an
officer attaches property found in the possession of a
stranger claiming title, in an action of replevin therefor
by such stranger, the officer, in order to justify, must not
only prove that the attachment defendant was indebted
to the attachment plaintiff, but that the attachment was
regularly issued.    (*Williams v. Eikenberry*, 25 Neb., 721.)
The validity of the attachment and the existence of the
debt on which it is based are, therefore, matters in issue
in the replevin suit itself.    They are determined by the
judgment in that suit, and, the bond being conditioned
for the performance of that judgment, it is unnecessary
to again plead and prove such facts in an action on the
bond.

It is next contended that, under our laws with relation
to the estates of decedents, a claim like the present must
be presented in the county court against the estate; that
an independent action will not lie therefor; that Eiken-
bary, having failed to present a claim against the estate
of Williams, the principal on the bond, and more than
two years having elapsed before the commencement of
this suit, all remedy against the estate has been lost, and
the sureties are thereby discharged.    It will be recalled
from the statement of facts that the estate was settled
and the executrix discharged before judgment was ren-

dered in the replevin suit. But it is insisted that prior to that judgment the claim on the bond was a contingent claim and should have been presented as such in order to continue the obligee's rights against the sureties. We do not find it necessary to determine all the questions suggested by this line of argument. It is a well settled principle of law, several times recognized in this state, that mere forbearance to sue a principal will not discharge a surety. In order to operate as a discharge the plaintiff must do some act which releases the principal or suspends the right to proceed against him, and a mere failure to proceed with the present power of doing so does not operate as a discharge. (*Dillon v. Russell*, 5 Neb., 484; *Sheldon v. Williams*, 11 Neb., 272; *Smith v. Mason*, 44 Neb., 610.) In *Burr v. Boyer*, 2 Neb., 265, it was held that negligence on the part of the creditor, whereby security held by him is sacrificed to the detriment of the sureties, will operate to discharge them. But the general rule was there recognized and the case distinguished from a mere failure to pursue legal remedies. The reason for this rule is that the surety is not put to any hazard by the forbearance of the creditor as he has it in his power to protect himself. He may either pay the debt, and thus become subrogated to the rights and securities of the creditor, or he may compel the creditor to sue; and it follows that if a statute of limitations is permitted to run against the principal in such case, the fault is as much that of the surety as of the creditor. Cases directly in point with reference to the loss of remedy against the estate of a deceased principal are: *Villars v. Palmer*, 67 Ill., 204; *Johnson v. The Planters' Bank*, 4 S. & M. [Miss.], 165; *Marshall v. Hudson*, 9 Yerg. [Tenn.], 57; *Sichel v. Carrillo*, 42 Cal., 493; *Bull v. Coe*, 77 Cal., 54; *Banks v. State*, 62 Md., 88.

The judgment was for the value of the property as well as for the damages and costs in the replevin suit. One defense interposed was that there had been an offer to return the property, and that the sureties were thereby

discharged to the extent of its value. The evidence, however, showed that Williams, after obtaining the property under the writ, proceeded to conduct the lumber business, selling from the stock and buying new material. The question of the identity of the property which it was proposed to return with that replevied was submitted to the jury, the court proceeding on the theory that it was the duty of the plaintiff in replevin to return the identical property, and that the judgment for the return was not satisfied by a tender of similar property, even of equal value. The theory of the defendants is that the property being a lumber yard, an offer to return lumber of the same kind, amount, and value, was sufficient, and they cite in support of that view another opinion of this court in the replevin action. (*Williams v. Eikenberry*, 22 Neb., 210.) The court was there considering whether Williams had estopped himself from prosecuting a proceeding in error by offering to comply with the judgment, Eikenberry having conditionally accepted the offer; that is, he had offered to accept a return provided that "all the property so replevied" was returned. The court proceeded no further than to ascertain that this condition amounted to a refusal to accept the offer as made, and the language there used, which the plaintiffs in error now contend sustains their position, was directed to characterizing the offer which Williams had then made, and not to designate what would be a sufficient offer to return the property. In *Reavis v. Horner*, 11 Neb., 479, it was held that a party might return a portion of the property where its value had been separately ascertained, and tender the value of the remaining property in money. But this case would not apply to one like the present where there had not been such separate ascertainment of value, and where the tender was made in bulk of different property. In the case last cited the court said, as to the duties of a party under such a judgment, "They were only required to return the property in the like condition in which they received it." There can be no doubt that in

order to satisfy a judgment for the return of property the identical property must be tendered in substantially the condition in which it was received. (*Irvin v. Smith*, 68 Wis., 220; *Irvin v. Smith*, 68 Wis., 227.) The action of replevin is for the recovery of specific chattels. The judgment, when for the defendant, is for a return of those chattels or for their value. It is not for a return of other chattels of like kind.

In this connection it is also argued that the court erred in excluding evidence tending to show that the district court had refused Williams permission to withdraw the tender. We cannot see how, if this was error, it could prejudice the plaintiffs in error. Williams filed a written offer to return the property. Eikenbary filed a conditional acceptance of that offer. Williams then asked leave to withdraw his tender and the evidence excluded was a refusal of the court to permit him to do so. If, in order to discharge the sureties, it was only necessary to offer to return the property, and it was not necessary to keep the offer good, then it was immaterial whether or not Williams had been permitted to withdraw the offer. This was the view taken by the district court, and the case was submitted to the jury under an instruction to that effect, which was all that the plaintiffs in error could ask.

It is assigned that the court erred in permitting the clerk of the district court to testify that "proper papers" had been filed in his office for the purpose of taking the replevin case to the supreme court. This was error without prejudice. It was admitted of record that the judgment had not been superseded by the appellate proceedings, so that it was not very material whether or not the case was prosecuted beyond the district court. Moreover, the mandate following the judgment of affirmance and reciting that judgment was immediately offered in evidence. The fact that proceedings in error had been prosecuted was not controverted, and no one was injured by the question and answer referred to. The clerk testified

from his own knowledge and recollection, and not by the production of the record as to the amount of costs in the replevin suit. This is assigned as error. He was first asked whether he could now state the total amount of costs. This question was objected to as not being the best evidence, and the objection properly overruled. The inquiry was only as to the clerk's knowledge of the fact, and the objection that it was not the best evidence was clearly untenable. This was followed by a question as to the amount, and that question was not objected to.

The plaintiff offered in evidence an execution in the ordinary form on the money judgment alone. It is contended that the court erred in admitting this execution and the return thereof because it was not in the alternative, following the judgment. It has been held that the plaintiff in replevin cannot complain if the judgment is absolute instead of in the alternative, unless he makes it appear that a return of the property could be had. (*Goodman v. Kennedy*, 10 Neb., 270.) It would seem that if he could not complain of the form of a judgment he could not complain of the form of the execution in this respect. But however that may be, the writ of *retorno habendo* does not usually issue where proceedings in replevin are like those in this state. It is the general doctrine that it is the affirmative duty of the plaintiff to comply with the judgment by returning the property or offering to do so. It is not his duty merely to yield to process having that object. If he failed to perform this duty the defendant may proceed to collect the money judgment by ordinary process. (Cobbey, Law of Replevin, secs. 1179, 1182.) Our statute provides (Code of Civil Procedure, sec. 196): "No suit shall be instituted on the undertaking given under section 186, before an execution issued on a judgment in favor of the defendant in the action shall have been returned, that sufficient property whereon to levy and make the amount of such judgment cannot be found in the county." There is no provision for the form of execution, but the object of this provision is merely to

require a resort to the property of the principal under the replevin judgment before permitting another action to be brought on the bond, and this requirement is satisfied if the plaintiff fails to return the property and an execution on the money judgment is issued and returned unsatisfied.

It is argued that the court erred in admitting the bond in evidence, on the ground that it runs to the coroner of the county instead of the defendant in replevin. The bond bears at its head the title of the case as follows: "James W. Williams, plaintiff, v. James C. Eikenbary, sheriff of Cass county, Nebraska, defendant." It opens with a recital that "Whereas James W. Williams above named has caused an order for delivery of the following goods and chattels, to-wit:   *   *   *   to be issued out of the justice court of C. H. King, a justice of the peace of Weeping Water, within and for the county of Cass, in a cause now pending in the said justice court wherein the said James W. Williams is plaintiff and one James C. Eikenbary, sheriff of Cass county, Nebraska, is defendant." Then follows a recital that the order was delivered to Henry Boeck, coroner of Cass county, and the goods were by him taken and appraised. Then comes the following: "Now, therefore, we, James W. Williams and L. C. Eickhoff, and August Wendt, undertake to the said Henry Boeck, defendant in said action," etc. It is evident that the intention was to execute an undertaking to the defendant as the statute requires. The defendant is twice named, once in the caption and once in the recital of the bond. The bond also recites who Henry Boeck was and shows that he was merely the officer levying the writ. The insertion of his name in the body of this bond as obligee was, under the circumstances, merely surplusage and may be disregarded, leaving a valid bond running to the defendant. It required no information or proof of extrinsic circumstances to show who was the real obligee intended.

Complaint is made of an instruction whereby in sub-

mitting the question of the offer to return the property to the jury, the court seems to have required the jury to find, in order to sustain that defense, that the offer was made in good faith. It is argued that if the offer to return was in fact made, it was immaterial whether it was made in good faith or in bad faith. Under the evidence we think the instruction was correct. The offer was made at a time when an officer was present at the lumber yard about to seize it under a writ of execution. The nature of the property was such that an actual delivery thereof was impracticable. It was merely a matter of surrendering possession of the place where the property lay. Under such circumstances it certainly was necessary, in order to constitute such an offer a good tender of a return of the property, that it be made in good faith for the purpose and with the intention of putting the plaintiff in replevin in possession of the property, and that it be not made colorably for the purpose of preventing the levy of an execution or of laying the foundation for future litigation or defenses, without any intention of actually surrendering the property.

Complaint is made of another instruction for giving undue prominence to certain facts. This also was an instruction relating to the issue bearing upon the return of the property, and stated to the jury that it should consider all the testimony bearing on that issue, the written offer to deliver, the request to withdraw the offer, Williams remaining in possession of the property, selling and disposing of the same, his ability to return the identical property, and all surrounding facts and circumstances as shown by the evidence. We do not think the instruction was objectionable on the grounds stated. It fairly collated the principal matters in evidence relating to that issue and also cautioned the jury to consider all other facts and circumstances in evidence bearing thereon.

The court failed to mark certain instructions which went to the jury "given," and to mark others "refused." Section 54, chapter 19, Compiled Statutes, requires that

instructions shall be marked "given" or "refused," as the case may be, on their margin; and by section 56 of the same chapter it is provided that a neglect or refusal on the part of the court to perform any duty enjoined by the preceding sections shall be error and a sufficient cause for the reversal of the judgment. But it was certainly not intended by the legislature to require a reversal for harmless error, and it has been held that in order to preserve the matter for review exception must be specially taken on that ground. (*Omaha & Florence Land & Trust Co. v. Hansen*, 32 Neb., 449.) In the case before us special exceptions were taken, but in this form: "Defendants severally except to the giving of this instruction and also to the refusal of the court to indorse hereon the word 'given,' or some equivalent word." This exception was taken by noting it on the instruction itself. By the general exception to the giving of the instruction the defendants themselves supplied the neglect of the court. The only possible object of the statute was to have each instruction show on its face that it was either given or refused, and an express exception written on the instruction to the giving thereof sufficiently shows that it was given.

It is disclosed by affidavits in support of the motion for a new trial that both in the opening statement, and in the argument of the case, counsel for the plaintiff stated to the jury that the sureties sued were indemnified and would not have to pay the judgment. It is claimed that this was misconduct on the part of counsel for which a new trial should have been granted. It is admitted that in the opening statement counsel did state that he expected to prove such a fact. Counsel are given the right by statute in the opening statement to briefly state the evidence which they expect to adduce. On the trial evidence of that character was offered but was excluded. We must assume that the offer was made in good faith, and so far as the opening statement was concerned counsel was guilty of nothing more than a mistake as to the

admissibility of evidence. It further appears that no objection was made to this language at that time. When the statement was repeated during the closing argument it appears that the court interposed and warned the jury not to consider the remark, and counsel immediately desisted from that line of argument. This cured the error.

We find no error in the record prejudicial to the plaintiffs in error.

AFFIRMED.

HARRISON, J., not sitting.