ANTHONY BLATCHFORD, APPELLANT, V. GILBERT A. PALMER: ESTATE OF JOHN O. YEISER, SR., INTERVENER, APPELLEE.

FILED MARCH 31, 1932. No. 28193.

*John A. McKenzie,* for appellant.

*Battelle, Travis & Strehlow* and *John O. Yeiser, Jr.,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is a proceeding in which the interveners, Carl T. Self, J. C. Travis, John O. Yeiser, Jr., for himself and as administrator of the estate of John O. Yeiser, Sr., deceased, seek to enforce liens for legal services performed by them for plaintiff in the main action. Plaintiff denied that he ever employed or promised to pay Travis or John O. Yeiser, Jr., and alleged that each of the interveners had, for a valuable consideration, released and discharged any demand for attorney's fees they might have had. The trial resulted in a finding adverse to Self, and that the estate of John O. Yeiser, Sr., was entitled to recover $880, which should be divided between Travis and the Yeiser estate. Plaintiff alone has appealed.

At the outset plaintiff raises the question that the petition in intervention on behalf of the Yeiser estate does not represent any person, either natural or artificial, and that there is no intervening plaintiff, so far as the estate of Yeiser is concerned.

It is true that in the caption the intervener is denominated as the estate of John O. Yeiser, Sr., deceased, but in the body of the petition in intervention it is alleged that John O. Yeiser, Jr., is the special administrator of the estate of John O. Yeiser, Sr., and, as such, files the petition. This petition is not a model of excellence, but it sufficiently appears that the action is being prosecuted in the name of the special administrator of the estate of Yeiser, Sr., and is not vulnerable to the objection made thereto by plaintiff. *Williams v. Eikenbary,* 36 Neb. 478.

The following pertinent facts appear: Plaintiff employed Self as an attorney to bring an action for damages for fraud alleged to have been practiced upon the plaintiff by the defendants in the main action. The action was begun and tried in the district court and resulted in a directed verdict for the defendants. Thereupon Blatchford discharged Self as an attorney and employed John O.

Yeiser, Sr., to represent him in the litigation. Yeiser, Sr., argued the motion for a new trial in the district court, and after it was overruled caused an appeal to be perfected to the supreme court and prepared and filed a brief for appellant. Thereafter and before the case was argued in the supreme court, John O. Yeiser, Sr., departed this life. Yeiser, Jr., was associated with his father, John O. Yeiser, Sr., in the practice of law, and it appears that he assumed, as the surviving member of the firm, that he had a right to continue as an attorney in the case. He testified that he wrote a letter to Mr. Blatchford, informing him of his father's death, and that Blatchford's interests would be looked after by himself, and, if necessary, he would procure other counsel to aid him in presenting the case in the supreme court. Blatchford denied that he received such a letter. Yeiser, Jr., then employed Travis and procured him to assist in preparing a reply brief and to argue the cause in the supreme court. It appears that, at the request of Travis, Yeiser, Jr., made two attempts to see Mr. Blatchford, but failed to find him at home, but did talk with Mrs. Blatchford. As to what occurred between them, the evidence is in conflict. Nowhere does it appear that Blatchford ever authorized Yeiser, Jr., to employ Travis to assist in the case, or that he ever authorized Yeiser, Jr., to act as an attorney therein. Blatchford testified that before the hearing of the cause in the supreme court he interviewed Carl Herring, a reputable member of the Omaha bar, to look after his interests in the case, but that Herring did not appear in and did not argue the case in the supreme court. Travis did appear and argued the cause in the supreme court. The judgment of the district court was reversed and the cause remanded for a new trial. Thereafter Blatchford for the first time saw Travis, and there is some controversy as to what took place between them. Suffice it to say that Blatchford told him he would be remunerated for his services, and Travis states that Blatchford promised to pay him for his services, but at

that time Blatchford informed Travis that another attorney would have charge of the case for plaintiff.

It appears that Blatchford employed Thomas Matters, an attorney, to procure releases of liens for attorney's fees, claimed by Self, the Yeisers and Travis. In this behalf Matters made certain representations to the Yeisers that a settlement was pending whereby Blatchford would receive from $1,500 to $2,000, but that, in order to perfect the settlement, it was necessary that all attorney's liens should be discharged, Matters stating that he had $500 at his command for the purpose of discharging all of those liens. In consideration of $100 he procured an absolute release from Mr. Self. He procured John O. Yeiser, Jr., and the widow of John O. Yeiser, Sr., the only heirs at law of John O. Yeiser, Sr., to execute releases, promising to pay an agreed sum therefor. These releases were turned over to Matters, with the agreement that they were not to be filed until the consideration agreed upon was paid. The agreed consideration was not paid, but the releases were filed. This appears to have ended the connection of Mr. Matters with the case. About this time, John A. McKenzie was employed as plaintiff's attorney in the cause.

A second trial in the district court resulted in a verdict for plaintiff in the sum of $10,000. This verdict was set aside, and a new trial granted. The third trial in the district court resulted in a verdict and judgment thereon for plaintiff in the amount of $21,598.11. This judgment was afterwards affirmed. *Blatchford v. Palmer,* 120 Neb. 847. Thereafter plaintiff realized upon said judgment the sum of about $20,000.

It is contended by the plaintiff that there is no proof in the record that John O. Yeiser, Jr., was the special administrator of the estate of John O. Yeiser, Sr., and that therefore no recovery could be had in behalf of Yeiser, Jr., as administrator.

We think the contention is unsound. An applicable rule is stated in 24 C. J. 833, in this language: "The

general rule is that, where a personal representative sues on a cause of action which he must sue on in his representative capacity, that is, a cause of action accruing to decedent in his lifetime, a plea of the general issue or other plea to the merits operates as an admission of his representative capacity and he need not prove it, for the reason that such plea does not question plaintiff's character, but only his right to recover on the merits. Many decisions lay down the rule broadly that, in an action by a personal representative in his capacity as such, a plea to the merits admits his representative capacity and obviates the necessity of proving it and the weight of authority sustains this view." The answer to the petition in intervention did not properly raise the question of the representative capacity of Yeiser, Jr.

Plaintiff further contends that, because of the releases executed by John O. Yeiser, Jr., and Hettie Yeiser, as the only heirs at law of John O. Yeiser, Sr., deceased, John O. Yeiser, Jr., as administrator is barred of any right of recovery in this proceeding. It appears without question that the releases were obtained by fraudulent representations made by Matters, and further that the agreed consideration was never paid. Under the circumstances, we think the trial court properly treated the releases as not affecting the right of intervener to recover.

It is further contended that the amount of recovery is excessive. It is a general rule that the death of an attorney who has been employed in a case terminates the contract of employment, but, where the termination is caused without fault of the attorney, he may recover on *quantum meruit* for the value of services rendered, but not to exceed the contract price. In the instant case, there is no question that Mr. Yeiser, Sr., performed valuable legal services for the plaintiff and was entitled to compensation therefor. The evidence offered on behalf of intervener tends to prove that the value of the service rendered was greatly in excess of that allowed by the court. There is no evidence tendered on behalf of plaintiff as to the value of such service. The evidence fully sustains and justifies

the finding of the trial court that John O. Yeiser, Jr., as special administrator of the estate of John O. Yeiser, Sr., was entitled to recover the sum of $880.

It is true that the trial court attempts to apportion the amount so awarded between the administrator of the estate of Yeiser, Sr., and Travis, probably on the theory that the administrator of the estate of Yeiser, Sr., procured Travis to render a valuable service, and that, as between the administrator of Yeiser's estate and Travis, the latter should recover a portion of the fee earned by John O. Yeiser, Sr.

Since there is no cross-appeal, we do not feel called upon to pass upon this question. It does appear, however, that the decree entered awards $880 to the estate of John O. Yeiser, Sr. The estate is neither an artificial nor a natural person. The decree should have awarded this sum to John O. Yeiser, Jr., as special administrator of the estate of John O. Yeiser, Sr., deceased.

We find no error in the record prejudicial to the plaintiff. The decree will be modified to award $880 to John O. Yeiser, Jr., as special administrator of the estate of John O. Yeiser, Sr., deceased, and the apportionment of this fee between Travis and the administrator of John O. Yeiser, Sr., deceased, will not be disturbed.

As thus modified the decree is affirmed.

AFFIRMED AS MODIFIED.