## P. F. H. SCHARS v. JOHN BARND.

[FILED JUNE 27, 1889.]

1. **Replevin:** DAMAGES. Where a sheriff levied an execution upon a stock of drugs contained in a drug store, and took them into his possession as the property of A, and they were replevied from the sheriff by B, who claimed to be the owner, and upon a jury trial the drugs were found to be the property of B, the trial jury, in estimating the damages due to B by reason of illegal detention of the property by the sheriff, will not be confined to the net income of the store at or about the time of the levy. They may take into consideration all other elements of damage shown upon the trial, such as the closing of the store, the handling of the goods in making the inventories, etc., and in such case, where about one week of time intervened between the levy by the sheriff and the restoration of the goods to the plaintiff in the action, by the coroner, under the proceeding in replevin, a verdict for one hundred and fifty dollars damages was not excessive.

2. ———: ———. In an action of replevin against the sheriff by a third party, and stranger to the execution, who had the goods in his possession at the time of the levy by the sheriff, and where the sheriff justifies under such execution in order to maintain his possession, he must show by competent proof his authority for such seizure. In case he fails to do so, the plaintiff in the action will be entitled to judgment for the possession of the goods and his damages.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Marston & Nevius*, for plaintiff in error.

REESE, CH. J.

This was an action in replevin instituted by defendant in error against plaintiff in error for a stock of drugs levied upon by plaintiff as sheriff of Buffalo county.  A jury trial was had in the district court which resulted in a verdict in favor of defendant in error, sustaining his title to the property involved, and for one hundred and fifty dollars damages.

It appears from the record that Flescher and Henline were in the drug business as copartners on and prior to the 16th day of January, 1886, and that defendant in error, who is the brother-in-law of Flescher, had become liable for the debts of Flescher, and perhaps of Flescher and Henline, to the amount of about $2,000 by becoming surety therefor.  Flescher also owed defendant in error $2,220, making a total of $4,221.50.  Defendant in error induced Henline to sell his interest in the stock to Flescher and then purchased from Flescher.

The transfer was made on the date above named.  The indebtedness assumed by defendant in error, together with the amount owing to him by Flescher, was more than the value of the stock of goods on hand.  Defendant in error seems to have taken possession of the stock but retained both Flescher and Henline as clerks.

On the 24th day of January plaintiff in error, as sheriff, levied an execution upon the property, and took it into his possession, when defendant in error replevied it.

The sheriff, as plaintiff in error, brings the case to this court for review, and it will be examined in the order presented by him in his brief.

The first contention of plaintiff in error is that the damages allowed defendant in error by the jury were excessive.

It seems from the record that defendant in error instituted the replevin proceedings immediately after the levy upon the goods by the sheriff, but that it was about one

week from the time of the levy by the sheriff until the defendant in error was reinstated in the possession of the goods.   A good portion of this time was occupied in making the necessary inventory by the coroner.   Upon the trial considerable attention was paid to the question as to the amount of net income of the store about the time of the levy of the execution by the sheriff.   This was shown to be rather small.   But it was shown that there was, to say the least, over three thousand dollars' worth of goods in the store levied upon by the sheriff, and also replevied back by the defendant in error.   We apprehend that in estimating the damages due the defendant in error, under section 191 of the Civil Code, the jury would be permitted to take into consideration the length of time intervening between the levy by the sheriff and the complete reinstating of defendant in error to his possession.   In addition to this, we think it would be entirely proper for them to consider the depreciation in value of the property from handling in making the inventory.   It is true, as claimed by plaintiff in error, that nothing but compensatory damages could be allowed.   Yet for the purpose of arriving at the just compensation due the defendant in error, or growing out of the levy, or wrong by plaintiff in error, if wrong it were, the jury would be entitled to take into consideration all the elements of damage in the case as shown by the evidence.   We do not think the amount of damages found by the jury is so great as to necessarily lead to the conclusion that it is the result of either bias or prejudice on the part of the jury.   We cannot, therefore, interfere. It is next contended that " the verdict is contrary to law and should have been for the defendant."   We have carefully read the bill of exceptions throughout, and cannot agree with counsel for plaintiff in error in this conclusion.   As we have already said, it is sufficiently shown that Flescher was indebted to defendant in error in the sum of $2,220.50, money which had been borrowed and for which Flescher

had executed his note, and that defendant in error was liable to the creditors of Flescher, and perhaps of Flescher and Henline, for $2,000 more. It is true, perhaps, that defendant in error was aware at the time of the transaction that Flescher was deeply involved in debt and was perhaps insolvent; but that would not necessarily prevent him from procuring payment of his indebtedness if the same were *bona fide*, and securing himself against the liability which existed by reason of his having become surety for Flescher to the persons named in the bill of exceptions. We can find no evidence of fraud on the part of defendant in error, and from the whole tenor of the testimony it seems to us that it can be safely said that the transaction was simply an effort on the part of defendant in error to secure the amount due him by Flescher, and the amount for which he was liable; and also on the part of Flescher to prefer defendant in error, who was one of his creditors, to the exclusion, probably, of others, although it does not appear in evidence that any of the creditors of Flescher and Henline were defrauded, injured, or delayed in the collection of their debts.

Some objections are made to the instructions given to the jury by the trial court. But it would serve no good purpose to examine these instructions, for the reason that there was no proof presented to the jury showing any right upon the part of plaintiff in error to seize the goods in question. It was shown, no doubt, to the full satisfaction of the jury, that the goods levied upon were originally the property of defendant in error. He replevied them from plaintiff in error, and showed his right thereto. We are unable to find any proof offered on the part of plaintiff in error which would entitle him to the possession of the goods. As stated in *Williams v. Eikenberry*, 25 Neb., 721, recently decided by this court, where property in possession of a third party who claims title thereto, and the right of possession thereof, is levied upon, the sheriff

7

must show his right to levy by introducing in evidence the process under which he levied, the judgment, etc. It is not necessary to rediscuss this question. We have found nothing in the bill of exceptions to show that plaintiff in error was entitled to the goods, even were they not claimed by defendant in error. This, of course, it was necessary for him to do in order to make his justification complete.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.