### ANGELINE S. POPE v. P. M. BOWZER.

1. EVIDENCE—*Declarations of Party.* The declarations of a party to the suit are admissible in evidence against such party:

2. REPLEVIN—*Officer must Prove Authority.* In an action of replevin against an officer by a third party, and stranger to an execution, who had the goods in her possession at the time of the levy by such officer, and where the officer justifies under such execution in order to maintain his possession, he must show by competent proof his authority for such seizure.

MEMORANDUM.—Error from Finney district court; A. J. ABBOTT, judge. Action in replevin brought by Angeline S. Pope against P. M. Bowzer. Judgment for defendant. Plaintiff brings the case here. Reversed. The facts are sufficiently stated in the opinion, filed October 9, 1895.

*A. J. Hoskinson,* for plaintiff in error.

The opinion of the court was delivered by

COLE, J.: This was an action in replevin brought by the plaintiff in error, Angeline S. Pope, for the recovery of certain cattle which she claims were wrongfully and unlawfully detained by P. M. Bowzer. The defendant in error, in answer to the petition of plaintiff in error, denies that plaintiff in error was the owner of the property or was entitled to the possession of the same, and alleges that he was a constable of Garden City, Finney county, Kansas, and that one L. E. Payne was a justice of the peace in and for Garden City, Finney county, Kansas; that said justice of the peace issued to defendant in error, as constable, an execution against E. S. Pope and Jacob Sarver on the judgment theretofore rendered by him in an action against said E. S. Pope and Jacob Sarver, and the

answer further alleges .that, by virtue of said execution and to satisfy the same, he levied upon and took possession of the property described in plaintiff's petition. This cause was tried before the judge of the district court of Finney county, without a jury, and the court rendered a judgment in favor of the defendant in error, P. M. Bowzer, and made certain findings of fact and conclusions of law.

A number of errors are assigned, the first being that the court erred in the trial of said cause in permitting the defendant to introduce evidence under the second defense set up in this case ; and the second error alleged is that the court erred in admitting incompetent and immaterial evidence over the objection of the plaintiff. These two assignments of error may be considered together. The evidence objected to was certain statements alleged to have been made by Angeline S. Pope to the defendant, Bowzer, at the time said Bowzer took the property in question into his possession, and it is urged by counsel for plaintiff in error that these were offered in the nature of an estoppel, and were therefore incompetent, because no such defense was set up in the answer. This position is not well taken. It is a well-established rule that the statements of parties to an action made against their interests may always be introduced in evidence, and this is especially true where the statements are made in connection with the transaction which was the basis of the suit, as in this case. Nor do we think the answer states two separate defenses. The answer contains no general denial, but attempts to plead the specific grounds upon which defendant claims the right of possession.

The sixth assignment of error is that the court erred in modifying its findings in said cause over the

objection of the plaintiff. The record discloses that after making findings of fact in this case, the court found, in substance, as a conclusion, that the defendant was entitled to a judgment for costs and for the recovery of the property, or the value thereof, in the sum of $300. Evidently, at the time of making this conclusion, the court had forgotten for the moment that the special interest claimed by the defendant did not amount to the full value of the property, and there can be no doubt that, when the attention of the court was called to the fact, it had a right to make the correction, which was clearly one in favor of the plaintiff in error.

The other assignments of error are practically directed toward the same point, and may be considered together. As before stated, the defendant in this case attempted to justify as a constable holding said property under an execution issued upon a judgment rendered by a justice of the peace of Garden City. And, if he so claims, it was necessary for him specifically to plead this justification, and, if the facts were not admitted, to offer proof upon each and every one of them, because without such proof he would be a mere naked trespasser, and the possession of the property by the plaintiff would be sufficient title to recover against him. (Drake, Att., 6th ed., § 185*a*; *Thornburgh v. Hand*, 7 Cal. 554; *Williams v. Eikenbury*, 34 N. W. Rep. 373; same case, 41 id. 770; *Schars v. Brand*, 42 N. W. Rep. 906.)

A careful examination of all the evidence in this case discloses that no proof was made or attempted to be made either of the rendition of the judgment or the issuance of the execution, and the record discloses no admission upon these points. Without evidence of the rendition of the judgment or the amount of the

execution, the court could not find any interest whatever in the defendant, and for that reason the conclusion of law was erroneous, and the judgment of the district court will be reversed and the cause remanded for a new trial.

All the Judges concurring.