## WHITE *v.* CARLTON.

PRINCIPAL AND SURETY.—*Indemnity to Co-surety*.—Where a surety received from the principal debtor an indemnifying chattel mortgage, a co-surety could have no right of action against said mortgagee for failing to cause

gage to be recorded, if it was taken upon an agreement that it should not be placed on record.

ASSIGNMENT OF ERRORS.—*Motion for New Trial.*—*Open and Close.*—Error in allowing a party to open and close is a cause for a new trial, and on appeal can not properly be assigned as error.

PRINCIPAL AND SURETY.—*Payment by Negotiable Note.*—*Contribution.*—The satisfaction of a debt by a surety by giving his own note, governed by the law merchant, to the creditor, is such a payment as will authorize such surety to sue a co-surety for contribution.

From the Elkhart Circuit Court.

*J. H. Baker, J. A. S. Mitchell, R. M. Johnson* and *W. H. Calkins,* for appellant.

*M. F. Shuey, J. M. Vanfleet* and *W. A. Woods,* for appellee.

DOWNEY, C. J.—Suit by the appellant against the appellee. The complaint is in three paragraphs. It is alleged in the first paragraph, in substance, that the plaintiff and defendant were co-sureties of Davis and Johnson, on a promissory note to one Winchell; that at the time the note was executed to the payee, the defendant, to save himself and the plaintiff harmless, took from Davis and Johnson, or one of them, a chattel mortgage; that the defendant concealed the fact of such mortgage from the plaintiff; that the said Davis and Johnson paid to the defendant one dollar and fifty cents to pay for recording the mortgage, and the defendant agreed to have the same recorded within ten days, and promised Davis and Johnson that he would hold his lien on the mortgaged property so as to save the sureties on the note harmless; that the goods, etc., remained in the possession of the mortgagors, and the same were ample to satisfy the note, interest, and costs.

It is then averred that the defendant failed to record the mortgage within the ten days, in Elkhart county, where the goods were situated, etc.; that Davis and Johnson, before the payment of the note, became bankrupt and insolvent, and have so remained; that Winchell obtained judgment on the note, and Davis and Johnson paid thereon five hundred

dollars, and the plaintiff was compelled to and did pay the residue thereof, eight hundred and ninety-six dollars and fifty-eight cents.

It is then alleged that, by reason of the negligence of the defendant in not having the mortgage recorded, the security became and was unavailable, and the mortgaged property was seized and sold by other creditors of Davis and Johnson. Prayer for judgment for twelve hundred dollars.

The second paragraph states the facts as in the first, except that it alleges, generally, that the defendant was indemnified by Davis and Johnson, and that he retains the indemnity, and has not paid any part of the debt. The prayer is the same as in the first paragraph.

The third paragraph is like the first, except that it alleges the value of the mortgaged property at five thousand dollars, and omits any allegation of an agreement to have the mortgage recorded. It avers that the defendant holds the mortgage and retains the indemnity, and prays judgment for two thousand dollars.

The defendant demurred separately to each paragraph of the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, and the demurrers were overruled.

The defendant then answered in two paragraphs. In the first it is stated, that "the defendant, for partial answer to each paragraph of complaint, separately, says," etc. Then follows the first paragraph of answer, made up of denials and affirmations. It was probably intended as a bar to any relief on account of the indemnity given to the defendant by the principals in the note and the failure of the defendant to record the mortgage in time. It is not shown, however, with any certainty, to what part of the complaint the answer is pleaded.

It is alleged, among other things, that it was agreed, when the mortgage was executed by Davis and Johnson to the defendant, that the same should not be recorded, in order that it might not affect the credit of the mortgagors, and

that the defendant accepted and received it under that agreement.

The second paragraph of the answer alleges, that when the payment of five hundred dollars was made on the note by Davis and Johnson, it was agreed between Winchell and White, and Davis and Johnson, that an extension of time for one year for the payment of the balance of the debt and judgment should be made and granted, in consideration of such payment; that, in pursuance of such agreement, an extension was granted, and on the 1st day of July, 1869, said Davis and Johnson having become bankrupt, said White procured of said Winchell a further extension of time for one year, and executed his note to Winchell for the amount then due, payable one year after date, which note said plaintiff has never paid, but said Winchell still holds the same; and that said agreements for extension of time were made without the knowledge and consent of the defendant.

A demurrer to the first paragraph of the answer was filed by the plaintiff and overruled. The plaintiff replied in four paragraphs, the third of which was afterwards withdrawn.

The first paragraph of reply was a general denial of the first and second paragraphs of the answer.

The second paragraph of the reply was to so much of the first paragraph of the answer as refers to the payment of the sum of five hundred dollars on the note by Davis and Johnson. It alleges that the money so paid was borrowed by Davis and Johnson as principals, and defendant as their surety, of one Gordon, and for the payment of which the plaintiff was in no wise bound, and the defendant did not consent to its application as a payment on said note.

The fourth paragraph is to the second paragraph of the answer, and avers that the said note given by him to Winchell for said sum of eight hundred and twenty-eight dollars and nine cents, the residue of said judgment, was in extinguishment and payment of said judgment, etc., which note is secured by mortgage, etc.

A demurrer to the second and fourth paragraphs of the

reply, separately, was filed by the defendant and overruled by the court.

There was a trial by jury and a verdict as follows:

"We, the jury, find that the five hundred dollars mentioned in the complaint as paid upon said judgment, on the 25th day of June, 1868, was paid thereon by the said Davis and Johnson. We further find that the balance due upon said judgment, amounting to eight hundred and twenty-six dollars and fifty-eight cents, was, on the 1st day of July, 1869, paid and satisfied by the plaintiff, White, in the following manner, viz., by giving his negotiable promissory note, secured by mortgage, which note has not been paid, and is still held by said Winchell, said note bearing date July 1st, 1869, and payable to the order of said Winchell, one year after date, at the First National Bank of Laporte, Indiana, with ten per cent. interest from date, and said Winchell received and accepted said note in full for the balance of said judgment and interest, and entered said receipt on the judgment docket in said cause, and that said White has paid fifty dollars costs accrued thereon. We further find that said Carlton did negligently and carelessly omit and fail to record said chattel mortgage. If, upon the foregoing facts, the law be with the plaintiff, then we find for the plaintiff, and assess his damages at six hundred and ten dollars and forty-seven cents. But if the law be with the defendant, then we find for the defendant."

The plaintiff moved for a *venire de novo*, on the grounds:

1. The special verdict does not cover all the issues in the cause, in this, viz., that the jury failed to find the value of said mortgaged goods.

2. The said jury failed to find and assess the damages sustained by the plaintiff in consequence of said defendant's having negligently and carelessly failed and omitted to record said chattel mortgage.

3. That said jury failed to find and assess the proper amount of damages, in this, that the jury should have assessed the damages at the full amount of said eight hundred

and twenty-six dollars and fifty-eight cents of debt, and fifty dollars costs paid, making eight hundred and seventy-six dollars and fifty-eight cents, and interest thereon from July 1st, 1869, making the true amount one thousand and ninety-four dollars and eighty-two cents, which the jury should have assessed as the damages, instead of six hundred and ten dollars and forty-seven cents. Wherefore, etc.

This motion was overruled by the court. The plaintiff then moved the court to render judgment in his favor, on the special verdict, for twelve hundred and forty-seven dollars, which motion was also overruled. He then moved the court to render judgment in his favor for one thousand and ninety-four dollars and eighty-two cents, which motion was also overruled. He then moved for judgment for six hundred and ten dollars and forty-seven cents, which was also over-ruled. He then moved for judgment for five hundred and fifty dollars and nine cents, which motion was likewise over-ruled. The court thereupon, on its own motion, rendered judgment for the plaintiff for twenty-five dollars, being for one-half of the costs paid by the plaintiff, less the interest thereon paid by the plaintiff, and excluding the amount paid by the note of White to Winchell, of July 1st, 1869. Exceptions were taken to each of such rulings. The court taxed all the costs in the case to the plaintiff, and rendered judgment therefor in favor of the defendant.

The plaintiff moved the court to correct the judgment, and enter the same for six hundred and ten dollars and forty-seven cents, as assessed by the jury, on the ground that the execution by White, and acceptance by Winchell, of said negotiable note of July 1st, 1869, as money, and in full payment and satisfaction of said judgment, is sufficient to give said White a right of recovery; but the court overruled the motion, and refused to correct the judgment and enter the same for any other or different sum than as aforesaid, and ruled that White had no right of action on account of any payment made by said note.

The plaintiff again excepted. The plaintiff then notified

the court that he reserved each and every question of law decided as aforesaid by the court during the progress of the trial, under section 347 of the second volume of the statutes, etc.

The court thereupon ordered that the complaint and exhibit filed therewith, the answer and reply thereto, and the bill of exceptions taken by the plaintiff, etc., and the special verdict of the jury, and entries on the order book, be made part of the bill of exceptions, and of the record in the cause.

Errors are assigned by the appellant as follows:

1. Overruling the demurrer to the first paragraph of the appellee's answer.

2. Allowing the appellee to open and close.

3. Overruling the motion for a *venire de novo*.

4. Refusing to enter judgment on the special verdict of the jury for the appellant for one thousand and ninety-four dollars and eighty-two cents.

5. Refusing to enter judgment on the special verdict for the plaintiff for six hundred and ten dollars and forty-seven cents.

6. Refusing to render judgment for the plaintiff for five hundred and fifty dollars and nine cents.

7. In rendering judgment for twenty-five dollars only.

8. Refusing to correct the judgment, on motion of the appellant, and enter judgment for him as prayed.

9. In not sustaining the demurrer to the reply to the first and second paragraphs of the answer.

The appellee has assigned as a cross error the overruling of the demurrers to the several paragraphs of the complaint.

First, we are to consider the sufficiency of the first paragraph of the answer. Assuming that it sufficiently appears that this paragraph was intended to be confined to so much of the complaint as seeks to recover on account of the chattel mortgage and the failure of the defendant to record the same, we think, to that extent, it is a bar to the action. If the defendant took the mortgage upon an agreement that he

would not place the same on record, the plaintiff, who could claim no interest in the mortgage, except through the defendant, would be bound by that agreement, and could not claim a right of action against the defendant for not doing what he was thus restrained from doing by his contract.

The second alleged error is only a ground on which a new trial might have been granted, if it was an error, and it was not presented by a motion for a new trial. *The White Water Valley R. R. Co.* v. *McClure,* 29 Ind. 536.

Third, as to the motion for a *venire de novo.* It is decided that when the verdict, either general or special, is imperfect, by reason of some uncertainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages, the proper step for relief against it is not by motion for a new trial, but by an application for a *venire de novo. Bosseker* v. *Cramer,* 18 Ind. 44. It seems to us that the special verdict was defective.

Next, as to the fourth, fifth, sixth, seventh and eighth alleged errors. The judgment was wrong upon the facts found in the special verdict. The court seems to have proceeded upon the theory that the satisfaction of the note to Winchell by the plaintiff, by giving his own note governed by the law merchant, was not such a payment of the note as would enable him to sue for contribution. In acting upon this theory, the court rendered judgment in favor of the plaintiff for twenty-five dollars only, which was for one-half of the costs paid by the plaintiff. In this we think the court committed an error. The satisfaction of the note by the giving of the negotiable note was such a payment as authorized the plaintiff to sue for contribution. *Keller* v. *Boatman,* 49 Ind. 104. Had the note not been negotiable according to the law merchant, the rule would have been different. The plaintiff was entitled to recover to the extent of one-half of the amount paid by him, without any reference to the chattel mortgage and the failure to record the same.

The ninth alleged error has nothing in it.

We have already stated that we think the first paragraph of the answer was sufficient. We think the second paragraph, also, is good. The second paragraph of the reply is clearly bad, but that question is not before us.

We think the cross error cannot be sustained. There is a good cause of action for some amount stated in each of the paragraphs of the complaint. Independent of the matter relating to the chattel mortgage, there is enough stated to entitle the plaintiff to recover some amount.

The judgment · is reversed, with costs, and the cause remanded, with instructions to sustain the motion for a *venire de novo*, and for further proceedings.