JOB A. DILLON, PLAINTIFF IN ERROR, v. RUSSELL & HOLMES, DEFENDANTS IN ERROR.

1. **Pleading:** ANSWER. When an answer contains an allegation that one of several defendants, joint makers of a promissory note, was in reality only a surety thereon, to which allegation there was no reply, it will be taken as true.

2. ——: ——: INSTRUCTIONS TO JURY. And if the court on request refuse to instruct the jury to this effect it is error.

3. **Error:** REVERSAL OF JUDGMENT. But it is not every error that calls for a reversal of a judgment. To have this effect the error must appear to have been prejudicial to the party seeking to take advantage of it.

4. **Principal and Surety:** RELEASE OF SURETY. Where the defense depended upon showing in addition to the fact of suretyship, the fact of an extension of the time of payment to the principal, which was alleged but not proved, the refusal of the court to instruct as above stated is no ground for reversal of the judgment.

5. ——: EXTENSION OF TIME TO PRINCIPAL. An extension of time to the principal for the payment will not have the effect to release the surety, unless the agreement to extend the time be such as will bind the holder of the note, and bar his action against the principal for some definite time.

6. ——: ——: ——. A mere voluntary forbearance on the part of the creditor, enlarging the time of payment, without consideration, will not work a discharge of the surety. Nor will such extension, if there be no definite time agreed upon, have the effect to release him.

ERROR to the district court of Johnson county. The plaintiff in error and H. N. Cornell were defendants in the court below, and upon the trial plaintiff in error requested the court to give the following instructions to the jury, which the court refused to do, and he excepted.

1. "The court instructs the jury that every material allegation of new matter as a defense, contained in defendant's answer, not controverted or denied in the reply of the plaintiffs must, for the purposes of the trial, be taken and considered as true, except allegations of value and amount."

2. "The court further instructs the jury that if they believe from the evidence that defendant Dillon is only surety for defendant Cornell on the note sued on, and that soon after it became due said Dillon requested plaintiffs to proceed at once to collect said note, and that defendant Cornell, the principal on the note, was then in insolvent circumstances; but that plaintiffs refused to do so and extended the time of payment to said Cornell without said Dillon's consent, and that afterwards, but before the institution of this suit said Cornell became and has since remained insolvent, that in that case defendand Dillon has become absolved from all liability on said note and you will find in his favor."

The court gave the following instruction at the request of said plaintiff in error:

3. "The court further instructs the jury that if they believe from the evidence that defendant Dillon is only surety, on the note sued on, for said Cornell, and that after said note became due said Cornell and plaintiff entered into a valid contract for the extension of the time of payment of said note, without the consent or knowledge of said Dillon, and that in pursuance of said contract the time of payment of said note was extended by said plaintiffs to said Cornell, without said Dillon's consent, you will find for defendant Dillon."

At the request of the defendants in error, Russell & Holmes, the court gave the following instructions, to which the plaintiff in error excepted.

1. "If you are satisfied from the evidence that no binding contract was made between Cornell and these plaintiffs, wherein the plaintiffs agreed to give him longer time without the consent of Dillon, you will find for plaintiffs, Russell & Holmes."

2. "In order that any agreement between Cornell and these plaintiffs shall operate as a release of Dillon, it must be an obligatory contract founded upon a consideration, or in other words the contract for extension between Cornell and these plaintiffs must be such a contract, as Cornell himself could have enforced if plaintiffs had brought action on the note against him."

3. "If you find from the evidence that Dillon was simply a surety on the note, you must yet render a verdict against him, and in favor of plaintiffs, unless you also find from the evidence that a contract was made between Cornell and the plaintiffs, based upon a consideration, to extend for a definite length of time, and without Dillon's consent."

*S. P. Davidson*, for plaintiff in error.

Where a party executes a note in form as principal, but in fact as a surety, which fact is known to the payee, parol evidence is admissible to show his real relations to the other contracting parties. *Riley v. Gregg*, 16 Wis., 703 [671].

And where a creditor does any act injurious to the surety, or inconsistent with his rights, or omits to do any act when requested by the surety, which his duty enjoins him to do, and the omission proves injurious to the surety, in all such cases the surety will be discharged. *Gardner v. Van Nostrand*, 13 Wis., 608 [544]. *King v. Baldwin*, 17 Johns., 384.

Dillon v. Russell & Holmes.

If the surety on a note, at its maturity, request the creditor to proceed at once to collect the same, by suit if necessary, and the principal is then solvent, and the creditor refuses and neglects to do so until after the principal becomes insolvent, the surety will be exonerated from all liability on the note. *Pain v. Packard*, 13 Johns., 174. *King v. Baldwin*, 17 Id., 384.

The creditor is under an equitable obligation, and such is the essence of the contract, to obtain payment of the principal debtor, and not from the surety, unless the principal debtor is unable to pay the debt.

This is, also, evidently the proper construction to be put upon our own statute. Where judgment is rendered in any court of record upon any instrument of writing in which two or more persons are jointly and severally bound, and it be made to appear to the court by parol or other testimony, that one or more of said persons so bound signed the same as surety for his co-defendant, the clerk, in recording, shall certify which of the defendants is principal and which surety; and execution issued on said judgment shall command the sheriff to exhaust the property of the principal debtor first, and for want of sufficient property of principal debtor, to make the claim out of the property of the surety; and in all cases the property, both real and personal, of the principal debtor shall be exhausted before any of the property of the surety shall be taken in execution. General Statutes, 613, section 511.

The court erred in refusing to give the instructions asked for by plaintiff in error. See *Steele v. Russell*, *ante*, p. 211.

*T. Appleget*, for defendants in error.

An agreement by the creditor to enlarge the time, unless it is made in such consideration or in such form as to be binding upon him, and estop him from bringing an

action against the principal, does not discharge the surety. *Hunter v. Clark*, 28 Texas, 159. *Levitt v. Savage*, 16 Me., 72. *Bailey v. Adams*, 10 N. H., 162. *Joslyn v. Smith*, 13 Vt., 353. *Harter v. Moore*, 2 Blackf., 367. 1 Parson Contract (4th ed.), 513. *King v. Baldwin*, 2 Johns. Ch., 554.

A mere voluntary forbearance on the part of a creditor enlarging the time without consideration, is no discharge of the surety. Batemen's Commercial Law, 262. *Tate v. Wymond*, 7 Blackf., 240.

An agreement must not only be valid and binding in law, but the time of the extension must be definitely fixed. Batemen's Commercial Law, 263. *Miller v. Stern*, 2 Penn. State, 286. *Parnell v. Price*, 3 Rich. L., 121. *Gardner v. Watson*, 13 Ill., 347. *Waters v. Simpson*, 2 Gilm., 570.

LAKE, CH. J.

I. The action in the court below was upon a promissory note signed by the plaintiff in error and one Cornell as joint makers. To the petition Dillon answered that he was in reality only a surety for Cornell, who was the real principal, he having received the entire consideration for which the note was given, and that this was well known to the plaintiffs at the time they received it. Of this allegation there was no denial in the reply, and, therefore, for all the purposes of the action it must be taken as true.

Under the rules of pleading, as they stood prior to the code amendments of February 26, 1873, no reply was necessary to an answer, except to allegations constituting a counter-claim or set-off. *McCann v. McLennan*, 2 Neb., 286. By those amendments, however, a reply must be made to all material allegations of new matter contained in the answer, or they will be taken as admitted.

This is a statutory rule which the courts cannot disregard when the condition of the pleadings is such as to render it applicable. For these reasons we must hold that the court erred in refusing to give to the jury the first instruction tendered on behalf of the plaintiffs in error which embodied substantially the above proposition of law.

But in view of the fact that, even although his suretyship were fully admitted, there is nothing in the record tending to show that this error could possibly have prejudiced the plaintiff in error, it furnishes no ground for a reversal of the judgment. *Chase v. Washburn*, 1 Ohio State, 244. In order to justify the reversal of a judgment, the record must show affirmatively not only that error has intervened, but that it was prejudicial to the party seeking to take advantage of it. *Ohio Life Insurance and Trust Co. v. Goodin*, 10 Ohio State, 557.

In order to have made the admission that Dillon was a mere surety available as a defense, it was necessary also to establish by evidence that Russell and Holmes actually extended the time of payment on the note. This was attempted by the testimony of the defendant Cornell; but giving full credit to all that he says, it falls very far short of showing that they made such an extension as would have barred an action brought by them at any time after the note matured. Unless the extension be of this character, it does not prejudice a surety, nor will it operate to release him from his obligation to pay the demand. *Farmers' Bank v. Reynolds*, 13 Ohio, 84.

II. But in the refusal to give the defendants' second instruction, we see no error. The first proposition which it contained being to the effect that the plaintiffs were obliged, at their peril, to bring suit against the principal, at the mere request of the surety, is not sustained by the authorities. The better and almost universal rule

seems to be that in addition to the demand that the holder of the instrument shall proceed against the principal, there must, even in equity, be an offer of indemnity against costs and expenses in case the litigation should prove fruitless. *Wright v. Simpson*, 6 Ves., 734. *Bellows v. Lovell*, 5 Pick., 307. *Mahurin v. Pearson et al.*, 8 N. H., 539. *Page v. Webster*, 15 Me., 249. And another proposition contained therein, viz: that a mere postponement of payment, to no definite time, and for no new consideration, will have the effect to release the surety, is equally untenable. As before observed, in order to have this effect, there must be such an agreement as will bind the holder of the note, and bar his action against the principal for some definite time beyond its maturity. A mere voluntary forbearance on the part of the creditor enlarging the time of payment without consideration, will not work a discharge of the surety. *Leavitt v. Savage*, 16 Me., 72. *Waters v. Simpson*, 2 Gilman, 570. *Bailey v. Adams*, 10 N. H., 162. The defendants' third instruction, and also those tendered on behalf of the plaintiffs, and which were given to the jury, stated the law of the case correctly.

As to the pretended extension, Cornell was the only witness called upon to establish it. He says on this point: "I called on plaintiff Russell and made an agreement with him with reference to the payment of said note, which was as follows: that if he would extend the time of the payment of the note sixty days, or thereabouts, I would allow him fifteen per cent, which was agreed upon. This agreement was in March, 1875." Now, conceding all that can possibly be claimed from this testimony, yet it does not show that any extension was mutually and definitely agreed upon. The witness does not swear that Russell agreed to extend the time of payment for sixty days, or for any other definite time. If no definite time be fixed upon, there can be no bind-

ing extension. *Waters v. Simpson*, 2 Gilman, 570. *McGee v. Metcalf*, 12 S. & M., 535.

There being no error disclosed that could possibly have prejudiced the plaintiff in error, the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.