Sheldon v. Williams.

S. L. SHELDON, PLAINTIFF IN ERROR, v. MATHIAS J. WILLIAMS AND H. C. STOLL, DEFENDANTS IN ERROR.

1. **Instructions** not warranted by the evidence, *Held*, erroneous.

2. **Principal and Surety.** The mere failure of a creditor to institute an action against the principal debtor at the time the debt becomes due will not discharge the surety.

ERROR from the district court for Gage county. Tried below before WEAVER, J.

*Pemberton & Forbes*, for plaintiff in error. The machine being a mere chattel security for the note, and never having been reduced to possession by the creditor, the failure to foreclose the lien and apply proceeds in payment of the debt did not discharge the surety. *Burr v. Boyer*, 2 Neb., 265. 1 Story Eq. Jur., sec. 501. Brant on Suretyship, sec. 390. *Hays v. Ward*, 4 Johns. Ch., 131. *Jones v. Tincher*, 15 Ind., 308. *Brown v. Brown*, 17 Ind., 475. *Canal Co. v. Escoffie*, 2 La. An., 830. *Bank v. Godden*, 15 Ala., 616. *Freaner v. Yingling*, 37 Md., 491. 3 Lead. Cas. in Eq. (3d Am. Ed.), 556. 2 Daniel Neg. Inst., 1311, 1326, 1339. *Villars v. Palmer*, 67 Ill., 206. *Schroeppel v. Shaw*, 3 Comst., 446.

*Hale* and *Hardy*, for defendants in error. A creditor who has the effects of the principal under his control for the security of the debt, is a trustee for all parties concerned, and if such effects are lost by want of ordinary diligence of the creditor, the security is discharged to the extent that he is injured. Brandt on Suretyship, sec. 384. *Douglas v. Reynolds*, 7 Pet., 113. *Kemmerer v. Wilson*, 31 Pa. St., 110. *Downer's Adm'r v. Zanesville Bank*, Wright's Rep., 477. 5 Waits, Actions and Defenses, 239. The creditor having received security from the principal debtor, the surety is entitled to be credited to the extent of the avails thereof. *Wright v. Austin*, 56 Barb., 13.

MAXWELL, CH. J.

This action was brought in the district court of Gage county, upon a promissory note, of which the following is a copy:

"$75.00.    Joliet, Will County, Ill., July 17, 1877.

"On or before the first day of October, 1878, for value received in one Meadow King Mower, No. 4040,

I promise to pay S. L. Sheldon, or order, seventy-five dollars, at the First National Bank in Joliet, Ills., with interest at the rate of six per cent per annum, if paid when due, and ten per cent per annum if not paid when due, from date until paid. I also agree to pay reasonable attorney's fees if suit is commenced to collect this note. The express condition of the sale and purchase of said machine is such that the title, ownership, and right of property does not pass from the said S. L. Sheldon until this note and interest is paid in full. That the said S. L. Sheldon has full power to declare this note due and take possession of said machine at any time he may deem himself insecure, even before the maturity of this note. For the purpose of obtaining credit, I certify that I own in my own name ...... acres of land in the town of Joliet, county of Will, State of Illinois, with ...... acres improved, worth at a fair valuation $....... It is not encumbered by mortgage or otherwise, except the amount of $....... I own $400 worth of personal property over all indebtedness except the encumbrance on my land, if any.

"Post-office, Joliet.     MATHIAS J. WILLIAMS.
"No. 4040.     H. C. STOLL."

The defendant Stoll answered the petition, alleging that he signed said note as surety; that the plaintiff failed to take the machine in question at the time the note became due, and apply the proceeds thereof to the payment of the note, although said Williams continued to keep said machine, and was then residing near Joliet; and that prior to the commencement of the action, he had a settlement with the agent of the plaintiff, and was discharged from the note in question. On the trial of the cause a verdict was rendered for the defendant. Judgment having been rendered in favor of the defendant, the plaintiff brings the cause into this court by petition in error.

The machine was sold to Williams, presumably for use, and was delivered to him; and the testimony fails to show any negligence on the part of the creditor in permitting him to retain the possession of the same. The court instructed the jury as follows: "But if, on the other hand, you shall find from the proofs that the plaintiff knew of the whereabouts of the machine, and failed to proceed to take possession of it and reduce that in payment of the note, then to that extent this defendant would be released. If you find that state of facts to exist—that is, if you further find the defendant was surety on the note only, which he has alleged in his answer, and if you find that the plaintiff failed to use that diligence in the pursuit of the property that a man of ordinary care and prudence would have done, and for an unreasonable time neglected and failed to take any steps to secure the machine for which the note was given, then to the value of the machine you will relieve the defendant." This instruction is entirely unsupported by the evidence, there being no testimony whatever to show negligence on the part of the creditor.

The court further instructed the jury: "It is alleged further in the answer, that the principal debtor, Williams, was living at the place near Joliet, Illinois, where the machine was sold, and that he continued to reside there after the note became due, and that he was responsible. If you shall find this fact to exist, and that he was for some time after the note became due responsible and that no proceedings were had against him, then you will find for the defendant." We are unable to find any testimony in the record which would justify this instruction; and the mere failure of the creditor to institute an action against the principal at the time the debt becomes due will not discharge the surety. *Dillon v. Russell & Holmes*, 5

Neb., 484, and cases cited. Where a contract binds the surety for its performance, it is his duty to perform it or see that it is done. And this rule applies to the payment of money, unless the creditor by his conduct has released the surety from his obligation. The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.