JOHN KIEWIT, PLAINTIFF IN ERROR, V. HARRIS & FISHER, DEFENDANTS IN ERROR.

Action on Account: DEFENSE: PAYMENT: EVIDENCE. Plaintiff brought an action against defendants for a balance due on the price of certain brick alleged to have been sold them and used in the construction of a certain brick building erected by them. The answer of defendants was a general denial. On the trial one T. testified that he was the contractor who furnished the material and constructed the building in which the brick were used. That he purchased the brick of plaintiff, and the payments made on the price were made by him for himself to plaintiff, and for which plaintiff had executed to him certain receipts "on account." These receipts were introduced in evidence. Defendants also, over the objection of plaintiff, introduced in evidence the contract by which T. agreed to furnish the brick and construct the building. *Held*, That the admission of the contract was not error ; there being no recitals therein which could prejudice plaintiff. *Held, also*, That if the contract was not essential to the defense, and therefore not necessary, the error was without prejudice.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*Redick & Redick* and *Charles R. Redick,* for plaintiff in error.

*George W. Doane,* for defendant in error.

REESE, J.

This action was commenced in the district court of Douglas county for the recovery of the sum of $802.20 alleged to be due the plaintiff from the defendants for brick furnished them for the construction of a packing house in Omaha. A trial was had, resulting in a verdict and judgment in favor of the defendant. The case is brought to this court by plaintiff, upon error, for review.

Certain instructions given to the jury are complained of in the brief of plaintiff in error, but as no exceptions were taken to them upon the trial they were abandoned in the argument, and need not be here noticed.

The only remaining point urged on the hearing in this court is, that upon the trial of the cause to the jury the court erred in admitting in evidence a written contract for the construction of the packing house, made between the defendants and the firm of Turtle Brothers, who were not parties to the action. The petition alleges in substance that the brick were furnished to defendants in pursuance of the contract therefor. That Turtle Brothers, who had the contract for the construction of the building, were, at the time the brick were delivered, wholly insolvent and worthless, which fact was known to plaintiff and defendants. But that the defendants and said contractors confederated and conspired together to defraud the plaintiff out of his claim, and to further their purpose caused certain payments, amounting in all to about nine hundred dollars, on said brick to be made by Turtle Brothers, but that such payments were placed to the credit of defendants. That defendants have not paid the contractors in full for their labor, but hold in their hands five or six hundred dollars, with the understanding and agreement between defendants and said contractors that if they together could defeat plaintiff in his efforts to collect his claim a division of said money was to be made between them. The answer is a general denial.

The contention on the trial on the part of plaintiff was, that he sold and delivered the brick to defendants at the building as it was constructed. That he had nothing to do with Turtle Brothers, and that defendants alone were responsible to him for the balance due. On the part of defendants it was contended that they had nothing to do with plaintiff in the matter of the purchase of the brick. That upon his suggestion they had given the contract of

furnishing the brick and constructing the packing house to Turtle Brothers. That they had paid Turtle Brothers all that was due them, and that the money paid plaintiff by Turtle Brothers was paid on their own account and receipted for to them and not to defendants. The Turtle Brothers testified that the money paid by them was paid on their own account. The receipts, five in number, were of the same general form, and reciting that the money was received of Turtle Bros. to apply on account. The contract, to the admission of which plaintiff complains, is as follows:

"We the undersigned agree to do the brick work on Harris & Fisher's packing house and smoke house in a good, substantial manner, using nothing but good, sound brick, and laying none but hard brick in cellar. Our work to be paid for at the rate of nine dollars per thousand, wall measurement, when the buildings are completed."

While we are unable to see that this contract was particularly essential to the defense, yet it was in the line of the theory upon which the defense rested. The fact that the contract was made with Turtle Brothers for both the material and labor, and that plaintiff recognized that fact and recognized Turtle Brothers as his debtors, tended to sustain the defendants' side of the case. But we are entirely at a loss to see how the introduction of this instrument could prejudice the rights of plaintiff. He alleged in his petition that a contract of the kind existed, and that fact was not controverted by him on the trial, notwithstanding he offered no proof of the fact nor of the fact of the conspiracy. There are no recitals in the contract which could prejudice his case any further than the simple fact of its existence could. If there was any error it was certainly without prejudice. It is not every error which will justify a reversal of a judgment. The record must show affirmatively not only that error has intervened but that it was prejudicial to the party seeking to take advantage of it. *Dillon v. Russell & Holmes*, 5 Neb., 484.

There was sufficient evidence to sustain the verdict of the jury, and no error appearing from the record the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.