Bloedel v. Zimmerman.

AGNES BLOEDEL ET AL. V. JOHN ZIMMERMAN ET AL.

FILED SEPTEMBER 18, 1894.    No. 4977.

1. An assignment in a petition in error as to the admission
   or exclusion of testimony, which does not indicate what testi-
   mony out of a great mass is referred to or intended, is too in-
   definite to be considered.

2. An instruction not excepted to at the time it was given
   cannot be complained of in the supreme court.

3. **Intoxicating Liquors:** ACTION BY MINOR CHILDREN
AGAINST SALOON-KEEPER: LOSS OF SUPPORT: INSTRUCTIONS.
*Held*, That the defendants' first request to charge was not war-
ranted by the evidence, was misleading, and should not have
been given.

4. ——: ——. Where, by reason of intoxication, a father is ren-
dered incapable of providing for his family, his minor children
may maintain an action for loss of means of support, caused by
reason of the intoxication of the father, against the person fur-
nishing the intoxicating liquors, and the sureties on his liquor
bond.

5. The verdict *held* to be against the evidence.

ERROR from the district court of Sarpy county. Tried
below before CLARKSON, J.

*Moriarty & Langdon* and *Anthony E. Langdon,* for
plaintiffs in error.

*James P. Grove, contra.*

NORVAL, C. J.

This action was brought by the plaintiffs in error, Agnes
Bloedel, Matilda Bloedel, and Alexander Bloedel, by
Amelia Bloedel, their next friend, against John Zimmer-
man and several saloon-keepers in the village of Papillion,
and the sureties on their liquor bonds, to recover damages
for injury to the plaintiffs' means of support resulting from
the selling to their father of intoxicating liquors. The
petition, after alleging that the plaintiffs are the minor
children of Andrew Bloedel, the execution and delivery of
the bonds sued on, and the issuing and delivery of the
licenses to the principals in said bonds, avers, in substance,
that each of said saloon-keepers sold and gave malt, spirit-
uous, and vinous liquors to said Andrew Bloedel at the
times therein stated and during the existence of their li-
censes; that said Bloedel has become an habitual drunkard
through the excessive use of intoxicating liquors so fur-
nished as aforesaid; that said plaintiffs have no means of

support except that furnished by their father; that prior to the year 1886 said Andrew Bloedel was industrious and temperate, and that by virtue of said furnishing of said liquors to him, he thereby became unable to support the plaintiffs, and that they were thereby damaged in the sum of $3,000, for which amount plaintiffs pray judgment. The defendants, for answer to the petition, deny each and every allegation therein, except that they have been engaged in the saloon business, and gave the bonds set out in the petition. There was a verdict for the defendants, upon which judgment was rendered by the court. The plaintiffs prosecute error.

Several rulings of the trial court on the admission and rejection of testimony are urged in the brief of counsel as grounds for reversal; but the rulings complained of, and pointed out in the brief, cannot be reviewed by this court, for the reason that the same are not assigned with sufficient particularity in the petition in error, they there being assigned in the following language:

"4. The court erred in overruling the objections made by the plaintiffs to testimony offered by defendants, which ruling of the court was duly excepted to at the time.

"5. The court erred in sustaining objections made by defendants to evidence offered by the plaintiff, which ruling was excepted to at the time."

The bill of exceptions discloses that numerous objections and exceptions were taken by the plaintiffs to the rulings of the court, both in admitting and excluding testimony, yet neither of the foregoing assignments indicate what rulings are referred to or intended. The assignments are too indefinite to be considered. (*Wanzer v. State,* 41 Neb., 238; *Kirkendall v. Davis,* 41 Neb., 285.)

It is insisted that the court erred in giving instruction No. 9 on its own motion, for the reason that it was not based upon the evidence. We are precluded from giving this instruction any consideration, inasmuch as the plaint-

iffs took no exceptions thereto at the time the same was read to the jury. It appears from this record that the cause was tried, and the jury were instructed as to the law of the case, on October 22, 1890, and the verdict was returned into court and filed the next day, while the ninth paragraph of the court's charge, as shown by the entry on the margin thereof, was not excepted to by the plaintiffs until October 24th. An instruction, to which no exception was taken at the time it was given, cannot be complained of in the reviewing court. (*Levi v. Fred*, 38 Neb., 564.)

Complaint is likewise made of the giving of the defendants' first request to charge, which is in the following language: "First—That if the jury believe from the evidence in the case that Andrew Bloedel, the father of the minor children, plaintiffs in this case, during the four years immediately preceding the commencement of this suit, was able and willing to provide such children a suitable home, but they refused and neglected to occupy such home with the father, Andrew Bloedel, that then such father was under no legal obligation to provide or support them elsewhere, unless they had been compelled to leave such home by reason of abuse and ill-treatment by such father." We have been unable to find any testimony in the record which would warrant the giving of the above instruction. On the contrary, the undisputed proofs show that plaintiffs' father, during the four years preceding the bringing of this suit, had no means with which to support his children; that during that time he was a hard drinker, was often intoxicated, and saved scarcely sufficient, with the rents derived from his property, to support himself. It further appears that plaintiffs and their mother were compelled to leave the father and husband on account of his failure to support them. The instruction is misleading and should not have been given.

After a careful review of the evidence, we are persuaded that it fails to support the verdict. The testimony shows,

without conflict, that the defendants (saloon-keepers) frequently sold and furnished to Andrew Bloedel during the four years immediately preceding the bringing of this action, which is the period covered by the several bonds declared upon, intoxicating liquors in quantities sufficient to produce intoxication; that by the drinking of said liquors to excess said Bloedel became unfitted and disqualified from pursuing his usual avocation of wagonmaker, but spent most of his time in idleness and loafing in the saloons, drinking whiskey and beer. He was often intoxicated, earned but little money, and contributed scarcely anything to the support of his children, the plaintiffs herein, who by reason thereof were forced to leave home, their adult sisters contributing largely to their maintenance and support during the four years referred to. The evidence is quite meager and unsatisfactory as to the amount of loss of means of support the plaintiffs have sustained, but under the proofs they were entitled to recover some damages from the defendants. Under the statutes an action can be maintained by the minor children for damages resulting from a loss of means of support by reason of the intoxication of the father, against the person furnishing him the intoxicating liquors, and the sureties on his bond. (*Kerkow v. Bauer*, 15 Neb., 150.) Under the evidence the verdict cannot be sustained. The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.