## A. B. SMITH V. RICHARD J. MASON.

FILED APRIL 5, 1895. NO. 6185.

1. **Principal and Surety**: PAYMENT BY ONE SURETY: CONTRIBUTION. Where one of two or more sureties discharges the debt of the principal debtor, by giving his individual note for part of the sum due and money for the residue, which is received by the creditor as payment, and the evidence of the original debt surrendered, such surety is entitled to demand contribution from the other joint sureties, although the new note has not been paid.

2. ———: ———: ———: AMOUNT OF RECOVERY. In an action by a surety against one of several co-sureties for contribution, the share to be recovered is controlled by the number of solvent co-sureties. In other words, the insolvent ones are to be ex-

cluded, and the burden must be distributed equally between the sureties who remain solvent.

3. ——: ——: ——: INSOLVENCY OF PRINCIPAL.  In order to recover contribution it is not necessary to aver and prove the insolvency of the principal debtor.

4. ——: ——: ——.  The mere refusal of a surety to accept property from the principal as indemnity will not defeat his right to contribution where he has paid the original debt.

5. ——: ——: ——: INTEREST.  In an action by one surety against co-sureties for contribution, the plaintiff is entitled to the legal rate of interest on the amount paid by him from the date of such payment.

6. ——: EXTENSION OF TIME: CONSIDERATION.  An agreement between a creditor and the principal debtor for an extension of the time of payment will not operate to release the surety, where there is no consideration for the agreement.

7. ——: ——: ——.  The mere voluntary forbearance on the part of the creditor, enlarging the time of payment, without consideration, or the mere failure to institute an action against the principal when the debt becomes due, will not alone discharge the surety.

8. Review: ASSIGNMENTS OF ERROR.  In order to obtain a review of the rulings of the trial court on the admission or exclusion of evidence, the particular rulings relied upon for a reversal must be specifically assigned in the petition in error.

9. Foreign Statutes: PLEADING AND PROOF.  The statutes of another state must be pleaded and proved to be of any avail. In the absence of evidence to the contrary, the laws of the sister state will be presumed to be the same as our own.

ERROR from the district court of Clay county.  Tried below before HASTINGS, J.

See opinion for references to authorities upon the propositions discussed.

*Thomas Ryan* and *J. L. Epperson & Sons*, for plaintiff in error.

*Thomas H. Matters* and *C. J. Dilworth, contra.*

NORVAL, C. J.

On the 21st day of August, 1888, the plaintiff and defendant, together with S. M. Lewis and J. E. Hopper, executed a promissory note as sureties for one William Mason, calling for the sum of $1,000, drawing interest at seven per cent from date, payable to the order of Robert Frost's Sons, and maturing in two years. The principal debtor being insolvent, and having failed to pay the note at maturity, the plaintiff below, Richard J. Mason, paid the same, and on September 9, 1892, brought this action for contribution against his co-surety, A. B. Smith. The petion alleges the execution and delivery of the note; that Lewis, Hopper, and the plaintiff and defendant signed the same as sureties merely; that the principal on said note, William Mason, had become insolvent at the maturity thereof, and the plaintiff was compelled to, and did, pay said note on the 21st day of August, 1891, and said Lewis and Hopper were insolvent when the note became due, and have been ever since said time; that the plaintiff requested the defendant on September 5, 1892, to pay the sum of $647.35, as his contributive share of said note, which he refused to do, and that no part of said amount has been paid. The defendant, for answer, admits the execution and delivery of the note as alleged by the plaintiff, denies all other averments of the petition, and alleges that an extension of the time of payment of the note was granted the said William Mason and the plaintiff, without the consent of the defendant. For further answer it is alleged that about the time the note became due the principal signer, William Mason, offered to turn over to the plaintiff property of sufficient value to pay the amount due thereon, to indemnify and save the plaintiff harmless from any loss on account of his having signed said note, but the plaintiff refused to receive or accept the indemnity so offered him and failed to inform the defendant of the fact until after this

suit was brought.    The plaintiff replied, denying all new
matter in the answer.    There was a verdict for the plaintiff
below in the sum of $714.40, the defendant presented a
motion for a new trial, which was overruled by the court,
and the plaintiff having entered a remittitur in the sum of
$42.35, judgment was rendered upon the verdict against
the defendant in the sum of $672.05, to review which he
has removed the cause to this court by proceedings in error.

It is insisted that the verdict is not sustained by suffi-
cient evidence, for the following reasons :

1.  Because the plaintiff has never paid the note.

2.  The evidence fails to show the insolvency of the co-
sureties, Lewis and Hopper.

3.  That there was an extension of the time of payment,
without the defendant's consent, which released him from
all liability.

We will notice these objections in the order stated.    On
the question of payment the uncontradicted evidence dis-
closes that on August 21, 1891, the defendant in error paid
the payees named in the note about the sum of $200 in
cash, and for the remainder of the debt he executed and
delivered to them his individual promissory note.    At the
same time the original note was surrendered to the defend-
ant in error with this indorsement made thereon by the
holders thereof :  " One thousand two hundred and ten
dollars paid August 21, 1891, by R. J. Mason, in full sat-
isfaction of this note.    R. Frost & Sons."    The evidence
fails to disclose whether the note executed on August 21
has been paid by the maker or not.    It is insisted that
upon the facts above stated contribution cannot be enforced
by the defendant in error against his co-sureties or either
of them, since it has not been shown that the second note
has been paid.    It is well settled that before a surety is
entitled to call upon a co-surety for contribution he must
have actually paid the debt. (Bispham, Principles of
Equity, sec. 330, and cases cited.)    But this doctrine does

not require that the indebtedness should have been paid in money by the surety. If there has been delivered to the holder of the obligation, property which is received in full satisfaction of the demand, it is equivalent to a payment in cash, and will authorize the surety to call upon his co-sureties for reimbursement on the basis of the value of the property so turned over, not exceeding the debt thereby discharged. So, too, the taking of the individual note of the surety for the debt is as much a payment, and authorizes an action against the co-surety, as though the payment had been made in money. We entertain no doubt that the mere taking of a new note will not be regarded as a payment, in the absence of an agreement or understanding that it shall have that effect. The controlling question is whether the note of the defendant in error was taken as an extinguishment of the original debt. The proofs show that it was so received and accepted by R. Frost & Sons, therefore, it was entirely immaterial whether the individual note given by the defendant in error has been paid or not. As between co-sureties, a discharge of their obligation by the acceptance in lieu thereof, by the creditor, of the note of one of the sureties for part of the debt and money for the residue is deemed in law such a payment as will entitle such surety to demand contribution from the other joint sureties, even though the substituted note has not been paid. The rule applicable to the case under consideration is correctly stated in 1 Brandt, Suretyship & Guaranty, sec. 285, thus: "If two co-sureties are bound for a debt, and one of them pays it by giving his note for it, which is accepted by the creditor as payment, the surety thus paying may at once, and before paying the note so given as payment, sue his co-surety for contribution the same as if he had paid the debt in money. In holding this it has been said: 'Where one person is obligated to pay money for the use of another, a payment made in any mode, either property or negotiable paper or securities, if such payment is received as

full satisfaction of the demand, it is equivalent to, and will be treated as, a payment in cash.   *   *   *   Where the payment is received as a complete satisfaction, and the debt or obligation is extinguished, it is a matter of no moment to the person to whose use the payment is made whether it is made in money, property, or obligations.   The benefit to him is the same, and the obligation to refund should be the same.' "   The doctrine of the text is abundantly sustained by numerous decisions, among which are the following: *Witherby v. Mann,* 11 Johns. [N.Y.], 518; *Stone v. Porter,* 4 Dana [Ky.], 207; *Robertson v. Maxcey,* 6 Dana, [Ky.], 101; *Cornwall v. Gould,* 4 Pick. [Mass.], 444; *Stubbins v. Mitchell,* 82 Ky., 536; *Atkinson v. Stewart,* 2 B. Mon. [Ky.], 348; *Ralston v. Wood,* 15 Ill., 159; *Brisendine v. Martin,* 1 Ired. Law [N. Car.], 286; *Pinkston v. Taliaferro,* 9 Ala., 547; *Anthony v. Percifull,* 8 Ark. [3 Eng.], 494; *White v. Carlton,* 52 Ind., 371; *Keller v. Boatman,* 49 Ind., 104.

The case of *Bell v. Boyd,* 76 Tex., 133, cited in the brief of plaintiff in error, does not conflict with the rule above stated.   In that case a principal and one of several sureties executed their note, which was accepted by the creditor, in payment of the former note.   While it was held in that case that the surety upon the new note was not entitled to contribution from the sureties upon the original note, the court recognize the doctrine that, where one of several sureties discharges the original obligation by his individual note, he is in a position to recover contribution from his co-sureties.   We find no fault with the decision referred to.   There was no payment of the original indebtedness, but merely a change in the form of the contract by the principal and one of the sureties to the first note, giving a new obligation.   This had the effect to release and discharge the sureties who did not sign the last note from their obligation to the creditor, as well as from contribution to their co-surety.   Ordinarily, where one of sev-

eral sureties, who are equally bound, pays the debt, he is entitled to recover as contribution from the solvent co-sureties a *pro rata* share of the amount so paid, with interest. There are some cases which hold that in an action for contribution the question of solvency or insolvency of the co-sureties is not material, but that the one paying the debt is entitled to recover contribution without regard to the insolvency of any of them. The better and the more equitable rule, one supported by the weight of authority, and which we think should obtain, is that contribution must be based upon the number of solvent co-sureties. In other words, the insolvent ones are to be excluded, and the burden must be distributed equally between those who are solvent. (*Breckinridge v. Taylor*, 5 Dana [Ky.], 110; *Bosley v. Taylor*, 5 Dana [Ky.], 157; *Morrison v. Poyntz*, 7 Dana [Ky.], 307; *Henderson v. McDuffee* 5 N. H., 38; *Broasdman v. Paige*, 11 N. H., 431; *Burroughs v. Lott*, 19 Cal., 125; *Acers v. Curtis*, 68 Tex., 423; *Liddell v. Wiswell*, 59 Vt., 365; *Young v. Clark*, 2 Ala., 264; *Young v. Lyons*, 8 Gill [Md.], 162; *Gross v. Davis*, 87 Tenn., 226.)

As regards the insolvency of the co-sureties, Lewis and Hopper, the evidence in the bill of exceptions is all one way, and shows that they are married men, and while they own some little property, it is exempt, and that nothing could be collected from either upon execution. We think the evidence fully and clearly established their insolvency. The proofs tend to show that William Mason, the principal maker of the note, is insolvent, and payment cannot be obtained from him. Whether sufficient to establish his insolvency, is not important. According to the weight of authority, the right of the surety to recover contribution from a co-surety in no manner depends upon the insolvency of the principal debtor, although the decisions upon the subject are not harmonious. (*Roberts v. Adams*, 6 Porter [Ala.], 361; *Buckner v. Stewart*, 34 Ala., 529; *Sloo v.*

*Pool,* 15 Ill., 47; *Rankin v. Collins,* 50 Ind., 158; *Judah v. Mieure,* 5 Blackf. [Ind.], 171; 1 Brandt, Suretyship, sec. 290.)

It is argued that the defendant in error was released from all liability by an extension of the time of payment of the original indebtedness.   This defense is not available for two reasons : First, it is not sufficiently pleaded in the answer.   It is there averred that the date of payment of the debt was extended by the creditors without the defendant's consent, but it is not alleged that there was any consideration for such extension.   In order that an agreement to extend the time of payment made by the creditor with the principal debtor may operate to release the surety, it must be for a sufficient consideration and without the sureties' consent. (*Burr v. Boyer,* 2 Neb., 265; *Dillon v. Russell,* 5 Neb., 484.)   If the consideration for such extension must be proved, and there can be no doubt of it, it must also be pleaded.   In the next place, it does not appear from the record that there was any agreement entered into for an extension of the time of payment of the original note, but the evidence shows the contrary to be true.   The note matured August 1, 1890, and was not taken up until a year later; but this fact alone did not discharge the sureties. There was but merely a voluntary forbearance on the part of the payees to enforce the collection of the note, without any consideration for the same.   The mere failure to bring an action upon the note when it matured did not have the effect to release the sureties. (*Dillon v. Russell, supra; Sheldon v. Williams,* 11 Neb., 272.)

It is contended that the verdict is contrary to the fourth instruction to the jury given by the court upon its own motion, which was to the effect that if the jury found from the evidence that plaintiff was surety on, and was compelled to pay, the note in controversy, and that his co-sureties, Lewis and Hopper, were solvent, plaintiff was entitled to recover from the defendant a sum equal to one-fourth of

the amount paid by the plaintiff with seven per cent interest from the time of payment. The judgment being for one-half the sum paid by the plaintiff with interest thereon, it is argued that the jury disregarded the fourth instruction. This could not be so unless there was insufficient evidence before the jury upon which to base a finding that Lewis and Hopper were insolvent. We have already passed upon the proposition adversely to the defendants in another part of the opinion. Both Lewis and Hopper being execution proof, under the rule stated above, and announced in the third paragraph of the charge of the court, the measure of the plaintiff's recovery was one-half of the sum paid by him to discharge the original indebtedness, with interest. The verdict is not contrary to the instructions.

William Mason was called and examined as a witness on behalf of the defendant, and during such examination was asked this question: "State whether anything was said between you and your brother [referring to defendant in error] or on your part in relation to turning out to him, as security or indemnity, this land in payment as far as it would go, on payment of this debt." Plaintiff objected to the question being answered, for incompetency and irrelevancy, which objection was sustained, and an exception taken. Thereupon the defendant made the following offer of proof: "The defendant now offers to show by this witness that on or about the time the plaintiff claims to have taken up the original note, he [witness] had a quarter section of land in Furnas county, Nebraska, of the value of sixteen hundred dollars; that this land he offered to turn out to the plaintiff, his brother, Richard Mason, to indemnify and secure the payment as far as it might go on this obligation, which he claims to have taken up from Frost's sons, and that the tender remained good for some months afterwards; that the plaintiff, Richard Mason, without consulting with Mr. Smith or any of the parties to the note, upon his own motion refused to receive this property

for himself or the sureties, and refused to have anything to do with it whatever, either as an indemnity or payment; that he never gave Mr. Smith and the other co-signers of the note notice of such having been offered or tendered; that Mr. Smith and the other co-signers were ignorant of the fact until after this suit had been brought; that the plaintiff refused to receive it, and wholly failed to notify any of the parties of there being this or any other property that might be applied in this way; that the property and these proceeds have since been disposed of, and was not at the time this suit was brought available for the purpose it was offered. Objected to, as incompetent, immaterial, and irrelevant. Sustained. Exception." There was no error in excluding the foregoing offered testimony. The facts sought to be established thereby did not constitute either full or partial defense to the action. We are not aware of any rule of law which made it the duty of the plaintiff to accept from the principal debtor property as security or indemnity against loss by reason of his having signed the note. Plaintiff in error has cited in his brief cases which sustain the familiar doctrine that, where one surety has accepted security from the principal debtor, all the co-sureties are entitled to the benefit thereof; and if such security is released or given up without the consent of all the joint sureties, the one so releasing cannot obtain contribution against the others. This principle has long been recognized-and applied by the courts, but it is no warrant for holding that a surety is bound at his peril to accept indemnity from his principal when offered, and if he fails so to do, that he is not entitled to contribution from his co-sureties. There is another reason why we cannot reverse the judgment for the failure to admit the testimony already mentioned, and that is the question is not sufficiently raised by the petition in error. During the trial numerous rulings adverse to the plaintiff in error were made by the court on the admission and exclusion of testimony, yet not

one of such rulings has been specifically assigned as error in the petition in error, the assignments therein being general and indefinite, such as "the court erred in excluding evidence offered by the defendant" and "the court erred in admitting evidence offered by the plaintiff and objected to by the defendant." Similar assignments have frequently been held too indefinite to be considered. (*Wanzer v. State*, 41 Neb., 238; *Kirkendall v. Davis*, 41 Neb., 285; *Cortelyou v. Maben*, 40 Neb., 512; *Bloedel v. Zimmerman*, 41 Neb., 695; *Wonderlick v. Walker*, 41 Neb., 806; *Wiseman v. Ziegler*, 41 Neb., 886.)

In the brief filed several rulings of the court on the admission and exclusion of testimony relating to the solvency or insolvency of the co-sureties and to the extension of the time of payment of the original note are discussed, but such rulings will not be reviewed or considered by us, because of the insufficiency of the assignments in the petition in error relating thereto.

The eighth assignment in the petition in error is as follows:

"8. The court erred in excluding instructions 1, 2, and 3 requested by the defendant."

The first and second requests were not based upon the evidence in the case, and for that reason they were properly rejected. Had the offered testimony above set out, which was excluded, been admitted, then there would have been evidence before the jury upon which to base these requests to charge. The three requests refused being grouped in the assignment in the petition in error, and as two of them were properly denied, following the repeated decisions of the court, the assignment will not be further considered. Objection is made to the third instruction, which is in the following language: "If you find, gentlemen of the jury, that plaintiff was surety on and paid this note as alleged, and that at the time, and ever since up to September 9, 1892, the other parties on the note besides plaintiff and defendant were

insolvent, then you will find for the plaintiff and assess his damages at one-half the sum you shall find to have been paid by him, with seven per cent interest per annum from the time of payment up to March 21, 1893." The rule laid down in this instruction is in accordance with the views already expressed •by us in the opinion, and the authorities cited in support thereof.   As we have seen, the insolvency of one or more of several co-sureties does operate to increase the amount the solvent ones are ratably liable to pay in an action for contribution.   Further discussion of the point here is wholly unnecessary.   It is argued that the instruction is bad in allowing the plaintiff seven per cent interest.   It claimed that as the note was made payable in the state of Illinois, it should be construed according to the laws of that state, and, therefore, plaintiff was entitled to only five per cent interest (which is said to be the legal rate in Illinois) instead of seven per cent. Undoubtedly the rate of interest recoverable is the legal rate from the time the plaintiff paid the debt, even though the original note bore a higher rate. (*Bushnell v. Bushnell*, 77 Wis., 435.)   In this state the rate of interest allowed by law is· seven per cent.   The statute of Illinois on the subject of interest is neither pleaded nor proved, hence we must presume that it is the same as the law of this state. (*Ruth v. Lowrey*, 10 Neb., 260; *Lord v. State*, 17 Neb., 526.)

There was an error in the assessment by the jury of the amount of recovery, but the same was cured by the entry of a remittitur by the plaintiff of the sum of $42.35.   The plaintiff paid on August 21, 1891, in discharge of the debt, $1,200, which, with interest at seven per cent from that time to the date of the trial, March 21, 1893, one year and seven months, amounted to $1,344.10.   One-half of this sum, or $672.05, was the amount for which judgment was rendered against the befendant below.

It is finally argued that the verdict should have been set aside on the ground of newly discovered evidence.

That is one of the grounds set up in the motion for a new trial. We are not advised of what the alleged newly discovered evidence consisted, since the evidence adduced on the hearing of the motion is not made a part of the record by the bill of exceptions. Copied into the transcript is an affidavit of one Lewis, which may or may not have been read on the hearing of the motion, but it cannot be considered, because not authenticated in the manner provided by statute.

JUDGMENT AFFIRMED.