## JAMES BELL V. JOHN J. WALKER.

FILED MARCH 17, 1898. No. 9376.

1. **Proceeding in Error: EFFECT OF DISMISSAL.** The dismissal of a petition in error from an appellate court, without an examination of the merits of the assignments, operates as an affirmance of the judgment sought to be reviewed. *Dunterman v. Storey*, 40 Neb. 447, followed.

2. **Supersedeas Bond: LIABILITY OF SURETIES.** The death of the principal in a supersedeas bond, while the cause is pending in the appellate court, does not release the surety from liability, nor is he discharged by the failure to have the action revived.

3. **Principal and Surety: FORBEARANCE BY CREDITOR.** Mere forbearance by a creditor does not release sureties, although, by lapse of time, the remedy is lost against the principal. *Eickhoff v. Eikenbary*, 52 Neb. 332, followed.

4. ———. The liability of a surety in a supersedeas bond is not affected by the failure to present a claim against the estate of his principal.

5. **Erroneous Admissions of Evidence: HARMLESS ERROR.** The admission of improper evidence, in a case tried without the assistance of a jury, is not of itself a ground for reversal.

ERROR from the district court of Butler county. Tried below before BATES, J. *Affirmed*.

*F. I. Foss, Norman Jackson,* and *Nellie M. Richardson,* for plaintiff in error.

*Matt Miller* and *Steele Bros., contra.*

NORVAL, J.

It appears from the record that on June 15, 1894, John J. Walker obtained a judgment in the district court of Butler county against W. T. Richardson and C. C. White, in the sum of $3,150.85, besides the cost of suit. White filed a transcript of the proceedings and judgment, and a petition in error, in this court for the purpose of procuring a reversal of said judgment, and on June 28, 1894, to secure a stay of execution during the pendency of said error proceeding, he executed and delivered to the clerk of the district court a supersedeas bond, in the sum of

$6,367.60, with James Bell as surety, conditioned as follows: "Now, therefore, we Charles C. White, as principal, and James Bell, as surety, do hereby undertake to the said John J. Walker, in the sum of $6,367.60, that said C. C. White will pay the condemnation money and costs in case said judgment shall be affirmed in whole or in part." The bond was filed with, and approved by, the clerk of the district court. C. C. White died in September, 1895, while said cause was pending in this court, and his wife was duly appointed as executrix of his last will and testament. The error proceeding not having been revived within one year after the appointment of the executrix, on December 1, 1896, the same was by this court, on motion of counsel for John J. Walker, dismissed. Shortly thereafter this suit was instituted by Walker on said supersedeas bond, and a trial to the court, without the assistance of a jury, resulted in a judgment against the defendant, from which he prosecutes error.

The first contention is that the conditions of the bond have not been broken, for the reason that the judgment which it was given to supersede has never been by this court "affirmed in whole or in part;" in other words, that the dismissal of the error proceeding brought to obtain a review of the said judgment recovered by Walker against Richardson and White was not equivalent to an affirmance of said judgment. The precise question, upon a review of the authorities, was passed upon in *Dunterman v. Storey*, 40 Neb. 447, where it was decided that the dismissal of an appeal out of this court, without an examination of the merits of the cause, operated as an affirmance of the judgment sought to be reviewed, within the meaning of a supersedeas bond conditioned in the language of the one now before the court. The proposition was ably reasoned by Ragan, C., in his opinion in that case, and the doctrine therein stated is sound, and sustained by the weight of authority. A discussion of the subject anew at this time would be without profit.

In the brief of defendant below it is said: "The act of God has removed White from this world, taking it out of White's power to prosecute said case to the supreme court to final judgment, and the act of God having taken it out of White's power to do this, his surety is released." No decision has been cited, nor after diligent search has the writer been able to find one, which sustains the above contention of counsel. There are numerous cases in the books to the effect that where the performance of a condition of a bail bond or recognizance given in a criminal prosecution is rendered impossible by the death of the principal before the day of performance, the default is excused. Those decisions are not in point here, for the obvious reason that such bonds or recognizances require the principal to discharge an act of a purely personal character, which no one else can perform for him, and the surety is released where the performance of the condition is prevented by the death of the principal. This supersedeas bond did not require the discharge by the principal therein named of an act merely personal in its nature. The action in which the supersedeas was given was upon a promissory note, and the suit did not abate upon the death of White, one of the judgment debtors, but could have been revived in the name of his executrix, and the error proceeding prosecuted by her. (Code of Civil Procedure, secs. 463-468.)

It is suggested that the surety was discharged by the failure of Walker to have the action revived in the name of White's representative. This argument is without merit. While the former, had he so desired, might have had the action revived, the law imposed no duty upon him to secure an order of revivor to be entered.

Another argument is that Bell, the surety on the supersedeas, was released and discharged from liability by the failure of Walker to file and prove his claim against the estate of White in the county court of the county where administration was granted. This contention is opposed to the doctrine announced in *Eickhoff*

*v. Eikenbary*, 52 Neb. 332. That was a suit upon a replevin bond. Williams, the principal on the bond, died, and it was urged that the sureties were discharged because the obligee presented no claim against the estate of the decedent. IRVINE, C., in delivering the opinion of the court, said: "It is next contended that, under our laws with relation to the estates of decedents, a claim like the present must be presented in the county court against the estate; that an independent action will not lie therefor; that Eikenbary having failed to present a claim against the estate of Williams, the principal on the bond, and more than two years having elapsed before the commencement of this suit, all remedy against the estate has been lost, and the sureties are thereby discharged. It will be recalled, from the statement of facts, that the estate was settled and the executrix discharged before judgment was rendered in the replevin suit. But it is insisted that prior to that judgment the claim on the bond was a contingent claim, and should have been presented as such in order to continue the obligee's rights against the sureties. We do not find it necessary to determine all the questions suggested by this line of argument. It is a well-settled principle of law, several times recognized in this state, that mere forbearance to sue a principal will not discharge a surety. In order to operate as a discharge the plaintiff must do some act which releases the principal, or suspends the right to proceed against him, and a mere failure to proceed with the present power of doing so does not operate as a discharge. (*Dillon v. Russell*, 5 Neb. 484; *Sheldon v. Williams*, 11 Neb. 272; *Smith v. Mason*, 44 Neb. 610.) In *Burr v. Boyer*, 2 Neb. 265, it was held that negligence on the part of the creditor, whereby security held by him is sacrificed to the detriment of the sureties, will operate to discharge them; but the general rule was there recognized, and the case distinguished from a mere failure to pursue legal remedies. The reason for this rule is that the surety is not put to any hazard by the forbearance of the cred-

itor, as he has it in his power to protect himself. He may either pay the debt and thus become subrogated to the rights and securities of the creditor, or he may compel the creditor to sue; and it follows that, if a statute of limitations be permitted to run against the principal in such a case, the fault is as much that of the surety as the creditor. Cases directly in point with reference to the loss of remedy against the estate of a deceased principal are *Villars v. Palmer*, 67 Ill. 204; *Johnson v. Bank*, 4 Smedes & M. [Miss.] 165; *Marshall v. Hudson*, 9 Yerg. [Tenn.] 58; *Sichel v. Carrills*, 42 Cal. 493; *Bull v. Coe*, 77 Cal. 54; *Bank v. State*, 62 Md. 88." The case at bar is within the doctrine just quoted, which we think entirely sound. The liability of Bell was not affected by the failure to present a claim against the estate of his principal. (*Jackson v. Benson*, 7 N. W. Rep. [Ia.] 97; *Moore v. Gray*, 26 O. St. 525.) Bell could have protected himself by filing a contingent claim against White's estate within the time provided therefor by statute.

Complaint is made of certain rulings on the admission of testimony. These are not available, since the cause was tried without the intervention of a jury. (*Stabler v. Gund*, 35 Neb. 648; *Liverpool & London & Globe Ins. Co. v. Buckstaff*, 38 Neb. 146; *Whipple v. Fowler*, 41 Neb. 675; *Tolerton v. McClure*, 45 Neb. 368.) The judgment is

AFFIRMED.